NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2899-13T2

STATE OF NEW JERSEY, by the
COMMISSIONER OF TRANSPORTATION,

     Plaintiff-Appellant,

v.

CHERRY HILL MITSUBISHI, INC., a
New Jersey Corporation; FOULKE
MANAGEMENT CORPORATION, a New
Jersey Corporation, d/b/a Cherry
Hill Triplex, Cherry Hill Dodge,
Cherry Hill Kia and Cherry Hill
Mitsubishi; CHERRY HILL DODGE, INC.,
a New Jersey Corporation,

     Defendants/Third-Party
     Plaintiffs-Respondents,

v.

VICTOR AKPU; THE COMMISSIONER OF
THE DEPARTMENT OF TRANSPORTATION,

     Third-Party Defendants-
     Appellants.

<table>
<tr><td>APPROVED FOR PUBLICATION<br><br>February 26, 2015<br><br>APPELLATE DIVISION</td></tr>
</table>

_____

Submitted October 1, 2014 – Decided February 26, 2015

Before Judges Alvarez, Waugh, and Maven.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3489-13.

John J. Hoffman, Acting Attorney General, attorney for appellants (Melissa H. Raksa, Assistant Attorney General, of counsel;

Sharon Price-Cates, Deputy Attorney General, on the brief).

Capehart & Scatchard, attorneys for respondent (Laura D. Ruccolo, on the brief).

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

The State of New Jersey filed a Rule 4:67 summary action[1] to compel removal of encroachments on a portion of its Route 70 right-of-way in Cherry Hill. See N.J.S.A. 27:7-44.1.[2] On the return date, the trial judge denied the State's requested relief, and granted defendant Foulke Management, which operates three car dealerships adjoining the right-of-way, the opportunity to file responsive pleadings.

Foulke Management's second counterclaim named as defendants: the Commissioner of the Department of Transportation (DOT); Victor Akpu, the Director of the DOT's Division of Right-of-Way and Access Management; and "John Does[] in their individual capacities[.]" The counterclaim sought monetary

_____

[1] The State's appendix does not include a copy of the original complaint or order to show cause.

[2] "Whenever any encroachment may exist without warrant of law in any road when taken over as a State highway, the Commissioner [of the Department of Transportation] shall notify the Attorney General, who shall proceed to cause the same to be removed as by law provided. . . . . Any such violation may be removed from any State highway as a trespass by a civil action brought by the Commissioner in the Superior Court. The court may proceed in the action in a summary manner or otherwise."

damages for the alleged violation of Foulke Management's equal protection rights under the Fourteenth Amendment of the United States Constitution, 42 U.S.C.A. § 1983, and the New Jersey Constitution. It also included a count for unjust enrichment based on Foulke Management's maintenance of the State's property, and a count for injunctive relief. The State promptly moved to dismiss the counterclaim, on grounds of qualified immunity, for "failure to state a claim upon which relief can be granted." See R. 4:6-2(e). The trial judge denied that motion.

After we granted the State leave to pursue this interlocutory appeal from that decision, Rule 2:2-4, the State renewed its request to the trial judge for a stay of discovery. The judge refused, noting that if the State did not complete discovery within seventeen days, "the court will hear a motion on sanctions." We stayed that order on the State's emergent application.

We now reverse and dismiss the counterclaim. We remand so the State can proceed in its action for removal.

I

Summarizing the facts, a citizen wrote several letters to the DOT complaining of Foulke Management's encroachments on the relevant section of Route 70, alleging that they impaired the ability of emergency vehicles to traverse the right-of-way.

After some months, apparently in response to these letters, the State ordered Foulke Management to remove the encroachments or face the $100 daily penalty authorized by statute.  See N.J.S.A. 27:7-44.1.

In the litigation, Foulke Management's principal certified that the author of the letters had, for some years, been unsuccessfully attempting to sell him his adjoining land for an inflated price, and that this was the actual motive behind the correspondence.  Foulke Management's principal also certified that the cars parked on unpaved areas in front of its dealerships had been removed.

Earlier, in 2005, the dealership obtained a "sidewalk permit" from the DOT in order to reconfigure hardscape incidental to the remodeling of its showrooms.  It is not clear if the compensation sought by way of counterclaim, on the theory of unjust enrichment, includes the maintenance of blacktop and landscaping in the sidewalk permit area or relates to some other part of the right-of-way. Additionally, at oral argument before the trial judge, Foulke Management's counsel asserted that the engineering survey it submitted with the 2005 application

conflicted with the metes-and-bounds description in the State's deed to the right-of-way.[3]

## II

Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any "cause of action [] 'suggested' by the facts." Printing-Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). The inquiry is limited to "examining the legal sufficiency of the facts alleged on the face of the complaint." Ibid. On appeal, review is plenary and we owe no deference to the trial judge's conclusions. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 366 (2011).

Foulke Management is entitled to every reasonable inference of fact, but the counterclaim will nonetheless be dismissed if, after applying these principles, no cause of action emerges. See ibid. Dismissal is the appropriate remedy where the pleading does not establish a colorable claim and discovery would not develop one. Camden Cnty. Energy Recovery Assocs. v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd o.b., 170 N.J. 246 (2001).

---

[3] The State gained title to the right-of-way in 1989 following condemnation proceedings.

A.

Turning to the State's assertion of qualified immunity as grounds for dismissal, it is well-established that the doctrine balances the need to hold public officials accountable for improperly exercising their power against the need to protect them from civil liability when they perform their duties reasonably. Gormley v. Wood-El, 218 N.J. 72, 113 (2014). The question should be determined as early as possible in the litigation. Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000). The issue of whether qualified immunity applies raises a "matter of law to be decided by a court, preferably on a properly supported motion for summary judgment or dismissal." Gormley, supra, 218 N.J. at 113 (citation omitted) (internal quotation marks omitted). Qualified immunity protects public officials from suit, rather than merely providing them with a defense to liability. Id. at 113. Thus, the State's application to dismiss the counterclaim for failure to state a claim on the grounds of qualified immunity, because of the protection the doctrine extends to State officials, was made at the procedurally optimal stage.

In order to determine whether government officials are entitled to qualified immunity, courts employ the two-pronged test outlined in Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct.

2151, 2155, 150 L. Ed. 2d 272, 281 (2001), rev'd on other grounds in Pearson v. Callahan, 555 U.S. 223, 236 129 S. Ct. 808, 818, 172 L. Ed. 2d 565, 576 (2009). We ask (1) "whether a constitutional right would have been violated on the facts alleged" and (2) "whether the right was clearly established." Saucier, supra, 533 U.S. at 200, 121 S. Ct. at 2155, 150 L. Ed. 2d at 281. In Pearson, the Supreme Court held that the sequence in which the Saucier factors are considered is not mandatory, and that judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of [] qualified immunity [] should be addressed first in light of the circumstances in the particular case at hand." Pearson, supra, 129 S. Ct. at 818.

In this case, we address the first question raised in Saucier —— whether Foulke Management has a constitutional right to continue to encroach. Foulke Management asserts a property interest in its ability to encroach upon the government's fee simple ownership of a right-of-way. It further alleges it is being dealt with in a discriminatory fashion, and its vested property interest harmed, because other businesses along the roadway who are similarly in the State's right-of-way are not being compelled to relocate.

Although Foulke Management might have had a potential adverse interest claim against a private party because of its years of use of the right-of-way, and therefore a potentially ascertainable interest in the area of encroachment, that cannot be the case here. No such claim can be brought against the State. Patton v. North Jersey Dist. Water Supply Com., 93 N.J. 180, 190 (1983) (citing Quinlan v. Fair Haven, 102 N.J.L. 443, 446 (E. & A. 1925); Cross v. Mayor of Morristown, 18 N.J. Eq. 305, 310-13 (Ch. 1867)) ("It is well-established that adverse possession does not run against the State.").

Foulke Management has not provided us with any support for the proposition that it has a vested, protected, or even legally cognizable property interest in continuing to encroach on State lands. It is a notion that on its face lacks merit. Having concluded that Foulke Management has "no constitutional right [that] would have been violated" were its allegations established, it, of necessity, fails to meet the first Saucier prong. Saucier, supra, 533 U.S. at 200, 121 S. Ct. at 2156, 150 L. Ed. 2d at 281. Thus, as a matter of law, the Commissioner and Akpu are entitled to qualified immunity because they had no reason to know Foulke Management had any interest, much less a constitutional right, which would be violated by the removal proceeding.

Even if Foulke Management could demonstrate at trial that the DOT is mistaken as to the contours of its right-of-way, that does not suffice to strip DOT officials of qualified immunity. A mistake does not expose the named officials to a suit for monetary damages or entitle the claimant to continue the litigation against them for the purpose of establishing that a mistake occurred.

As the United States Supreme Court has explained, "[t]he protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson, supra, 555 U.S. at 231, 129 S. Ct. 815, 172 L. Ed. 2d at 573 (quoting Groh v. Ramirez, 540 U.S. 551, 567, 124 S. Ct. 1284, 1295, 157 L. Ed. 2d 1068, 1084 (2004) (Kennedy, J., dissenting)).

Therefore, after searching the counterclaim with liberality, and viewing the facts in the light most favorable to Foulke Management, we find no cause of action exists. Qualified immunity protects DOT personnel from the counterclaim, and it must be dismissed.

### B.

In relevant part, the New Jersey Contractual Liability Act ("CLA") provides that "[t]he State of New Jersey hereby waives its

sovereign immunity from liability arising out of an <u>express</u> <u>contract</u> or a <u>contract implied in fact</u> . . . provided, however, that there shall be no recovery against the State . . . for claims based upon . . . <u>contracts implied in law</u>." <u>N.J.S.A.</u> 59:13-3 (emphasis added). A "contract implied in fact" is merely one kind of "express contract," while the terms "contract implied in law" and "quasi-contract" are nearly synonymous.[4] The implied-in-law contract is an equitable remedy for unjust enrichment.

"[T]he [CLA] effects a limited waiver of sovereign immunity" in contract disputes. <u>Cty. of Hudson v. State</u>, 208 <u>N.J.</u> 1, 13 (2011). The CLA does not, however, waive sovereign immunity except as to those "suits based on an express contract or contracts implied in fact." <u>Allen v. Fauver</u>, 167 <u>N.J.</u> 69, 77 (2001). The equitable remedy of an implied-in-law contract for unjust enrichment would arise only when one party has conferred a benefit on another and the denial of recovery would be unjust. <u>See</u> <u>Weichert Co. Realtors v. Ryan</u>, 128 <u>N.J.</u> 427, 437 (1992). That is

---

[4] 1-1 <u>Corbin on Contracts</u> § 1.20 (Matthew Bender ed. 2014). <u>See</u> <u>West Caldwell v. Caldwell</u>, 26 <u>N.J.</u> 9, 28 (1958) ("[A] <u>quasi-contractual</u> obligation is created by the law, for reasons of justice, without regard to expressions of assent by either words or acts; the legal relations between <u>contractors</u> are dependent upon the interpretation of their expressions of assent; in <u>quasi-contract</u> the relations of the parties are not dependent on such interpretation." (emphasis added) (internal quotation marks omitted)); <u>Restatement (Second) of Contracts</u> ch. 1, § 4, cmt. b (1981) ("[U]nlike true <u>contracts</u>, <u>quasi-contracts</u> are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice." (emphasis added)).

the claim Foulke Management raises here. We therefore also hold that the CLA bars Foulke Management from any recovery for alleged unjust enrichment, as the only basis for such relief is a contract implied in law.

C.

Injunctive relief may be available even where qualified immunity protects public officials from suits for money damages. See Gormley, supra, 218 N.J. at 115-16. If the State is unable to establish that Foulke Management is trespassing within its boundary lines, however, then Foulke Management has the right to continue its use free from further legal action by the State. No injunctive relief would therefore be necessary and, on this record, we see no other basis for such relief.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2899-13T2