**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1254-15T1

TIMOTHY BLAKE,

    Plaintiff-Appellant,

v.

ALARIS HEALTH AT ESSEX,

    Defendant-Respondent.

_____

Argued January 24, 2017 — Decided June 26, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-1528-
15.

Nathaniel M. Davis argued the cause for
appellant (Mr. Davis, attorney; Khari O.
Moore, on the briefs).

Todd A. Rossman argued the cause for
respondent (LeClairRyan, PC, attorneys; Mr.
Rossman, on the brief).

PER CURIAM

    Plaintiff Timothy Blake appeals from a Law Division order

granting defendant Alaris Health at Essex's Rule 4:6-2(e) motion

to dismiss his negligence complaint with prejudice due to his

failure to submit an affidavit of merit (AOM). For the reasons that follow, we reverse and remand.

On September 3, 2013, Blake was a patient at Alaris, a provider of short-term hospital rehabilitation and long-term specialty care. After being transported in a wheelchair, Blake, who weighed 440-pounds, fell to the floor when he was lifted out of the wheelchair and was injured. Blake subsequently filed suit that did not specify who lifted him from the wheelchair, but alleged his fall was "due to inadequate assistance getting out of the wheelchair" as result of Alaris' "recklessness, carelessness, and/or negligence."

Prior to the exchange of discovery, Alaris filed a motion to dismiss Blake's complaint with prejudice pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief may be granted. Alaris argued that Blake failed to satisfy N.J.S.A. 2A:53A-26 by filing an AOM identifying the standard of care that Alaris' breached in causing his injury. Alaris asserted an AOM was essential because as a licensed healthcare facility it had to follow a specific standard of care regarding the care of its patients. In opposition, Blake, contended his injury claim was based upon the ordinary negligence exception to the AOM statute, and that an expert was not needed to set forth a standard of care that was breached. Specifically, he argued that how to "adequately

help an overweight man out of a chair" was a matter of common knowledge.

Following argument on October 23, 2015, the motion judge issued an order and oral decision granting Alaris' motion. The judge did not cite any statutory or case law, but stated that, based upon the pleadings, an AOM is needed to identify the standard of care for putting Blake "in and taking him out" of the wheelchair. This appeal followed.

The standard that applies to consideration of a motion to dismiss pursuant to Rule 4:6-2(e) is well-known.

> Such motions are judged by determining whether a cause of action is suggested by the facts. Although the inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint[,] a reviewing court searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary[.]
>
> [Nostrame v. Santiago, 213 N.J. 109, 127 (2013) (citations and quotations omitted) (first alteration in original).]

"At this preliminary stage of the litigation the Court is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint. For purposes of analysis plaintiffs are entitled to every reasonable inference of fact." Printing

Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citations omitted).

Our review of a trial court's dismissal of a complaint based upon the pleadings pursuant to Rule 4:6-2 motion is de novo. Flinn v. Amboy Nat'l Bank, 436 N.J. Super. 274, 287 (App. Div. 2014). "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-Morristown, supra, 116 N.J. at 746). "On appeal, review is plenary and we owe no deference to the trial judge's conclusions." State v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015) (citing Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 386 (2011)).

Appellate review is "one that is at once painstaking and undertaken with a generous and hospitable approach." Green, supra, 215 N.J. at 451 (quoting Printing Mart-Morristown, supra, 116 N.J. at 746). Nonetheless, dismissal is required "where the pleading does not establish a colorable claim and discovery would not develop one." Cherry Hill Mitsubishi, Inc., supra, 439 N.J. Super. at 467 (citing Camden Cnty. Energy Recovery Assocs. v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd o.b., 170 N.J. 246, 786 (2001)).

Our de novo review of Alaris' motion to dismiss requires a brief analysis of the AOM requirements. The AOM statute "imposes a special requirement upon plaintiffs bringing lawsuits claiming malpractice or negligence by certain enumerated professionals." Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 416 N.J. Super. 1, 14 (App. Div. 2010). N.J.S.A. 2A:53A-27 specifically provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

Yet, "[a]n affidavit of merit is not required in a case where the 'common knowledge' doctrine applies and obviates the need for expert testimony to establish a deviation from the professional's standard of care." Bender v. Walgreen Eastern Co., 399 N.J. Super. 584, 590 (App. Div. 2008) (citing Hubbard ex rel. Hubbard v. Reed,

168 <u>N.J.</u> 387, 390 (2001)). "The doctrine applies where 'jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts.'" <u>Hubbard</u>, <u>supra</u>, 168 <u>N.J.</u> at 394 (quoting <u>Estate of Chin v. Saint Barnabas Med. Ctr.</u>, 160 <u>N.J.</u> 454, 469 (1999)). We have previously held that in certain instances plaintiffs are not required to provide an AOM, even though licensed medical facilities are involved, because "jurors are competent to assess simple negligence occurring in a hospital without expert testimony to establish the standard of ordinary care, as in other negligence case." <u>Nowacki v. Cmty. Med. Ctr.</u>, 279 <u>N.J. Super.</u> 276, 292 (App. Div.), <u>certif. denied</u>, 141 N.J. 95 (1995).

With these principles in mind, we conclude that dismissal of Blake's complaint based upon the pleadings for failure to provide an AOM was misguided. The motion judge seemed to limit Blake's claim to one for professional or occupational malpractice, but that was not the cause of action he pled. Although the incident occurred at a licensed healthcare facility, Blake's complaint alleges that the proximate cause of his injury was ordinary negligence, and not the breach of a professional or occupational standard of care. Based upon the pleadings, it is not clear how Blake fell, or who was assisting him when he fell, but an AOM is

not required under N.J.S.A. 2A:53A-27 for a claim of ordinary negligence. We express no opinion on the merits of Blake's negligence claim, but conclude it is necessary that he be allowed to develop facts through discovery so that the trial court will have a record to determine any future motions.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION