NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0097-15T2

JESSE ROSENBLUM,

 Plaintiff-Appellant,

v.

BOROUGH OF CLOSTER and
BEVERLY ANN WATKINS,

 Defendants-Respondents.
________________________________

 Argued January 10, 2017 – Decided July 12, 2017

 Before Judges Reisner and Sumners.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 1020-15.

 Jesse Rosenblum, pro se appellant.

 JoAnn Riccardi argued the cause for respondent
 (Edward Rogan & Associates, attorneys; Ms.
 Riccardi, on the brief).

 Donna J. Vellekamp, attorney for respondent
 Beverly Ann Watkins, join in the brief of
 respondent Borough of Closter.

PER CURIAM
 Plaintiff Jesse Rosenblum appeals Law Division orders of: May

27, 2015, dismissing his complaint challenging defendant Borough

of Closter's property tax assessment of property owned by defendant

Barbara Ann Watkins and sanctioning him legal fees and costs in

the amount of $1747.50; June 8, 2015, sanctioning him additional

legal fees and costs of $702.50; and July 20, 2015, denying his

motion for reconsideration. We affirm substantially for the

reasons stated by Judge Lisa A. Firko in her comprehensive written

riders to the May 27 and July 20 orders. We add these comments.

 Plaintiff initially filed a complaint in the Tax Court,

regarding farmland assessments on Watkins' property for the years

1997 through 2000, which was dismissed. We affirmed on appeal.

Rosenblum v. Borough of Closter, No. A-1696-09 (App. Div. March

30, 2011). Plaintiff then filed complaints with the Tax Court

regarding assessments on the same property for the years 2005,

2006, 2009, 2010, and 2011. After the Tax Court dismissed the

complaint on summary judgment, we reversed and remanded for a

trial on the merits. Rosenblum v. Borough of Closter, No. A-3340-

11 (App. Div. May 30, 2013). Upon remand, after Watkins withdrew

her applications seeking farmland assessments, the Tax Court

entered an order on December 27, 2013, providing the matter was

dismissed with prejudice because plaintiff withdrew his complaint

 2 A-0097-15T2
on the understanding that the Borough would assess Watkins'

property fairly and consistently with applicable law.

 Thereafter, the Borough issued new assessments of the

property. Dissatisfied with the assessments, plaintiff sought a

conference with the Tax Court. The request was denied, as was his

subsequent motion to schedule a trial before the court. In

response, plaintiff filed a four-count complaint with the Law

Division alleging that: (1) Watkins and the Borough breached their

"agreement" with him by refusing "to negotiate the finding of fair

assessible [sic] values which is a condition precedent in the

Judgments of the Tax Court"; (2) Watkins paid roll-back taxes for

2012 and 2013 "based on the disputed valuations being contested

herein"; (3) Watkins falsely-swore her tax applications by

inflating the acreage of cropland and pastures on her property;

and (4) that Watkins and the Borough were engaged in a conspiracy

to illegally qualify her property as farmland.1

 In lieu of filing an answer, the Borough filed a motion to

dismiss the complaint due to lack of subject matter jurisdiction,

Rule 4:6-2(a), and failure to state a claim upon which relief can

be granted, Rule 4:6-2(e), and sought sanctions under Rule 1:4-

1
 Approximately nine months later, Watkins sold the property and
paid all tax arrearages.

 3 A-0097-15T2
8(b)(1) for filing a frivolous complaint. Watkins joined the

motion. Argument was held on May 8, 2015.

 On May 27,2 Judge Firko entered an order dismissing

plaintiff's complaint with prejudice as to both defendants and

requiring plaintiff to pay the Borough $1,747.50 in legal fees and

costs. In the written rider to her decision, the judge explained

that the Law Division does not have jurisdiction to hear tax

appeals and that the complaint should have been filed in the Tax

Court. Furthermore, the complaint was untimely, as it was not

filed within the statutory time period to file a tax appeal or

seek leave to appeal to a reviewing court. See N.J.S.A. 54:3-21;

R. 2:4-1.

 With respect to sanctions, Judge Firko noted that the Borough

served plaintiff with a notice pursuant to Rule 1:4-8 that his

action was frivolous and sanctions would be sought if it was not

dismissed. The judge noted that plaintiff was not the usual pro

se litigant, having filed numerous "procedurally sound" tax

appeals in the past, and "it was patently unreasonable for [him]

to file a tax claim with the Law Division."

 On June 8, 2015, the trial court entered a separate order

requiring plaintiff to pay an additional $702.50 to the Borough

2
 Although the order is dated "May 29, 2015," it is marked as
filed on "May 27, 2015."

 4 A-0097-15T2
in accordance with an unopposed affidavit by its counsel detailing

fees for arguing the motion and submission of a proposed form of

order.

 Finally, on July 20, 2015, Judge Firko entered an order

denying plaintiff's motion for reconsideration. She attached a

written rider to the order, with a detailed explanation that the

motion failed to satisfy Rule 4:49-2 by showing that the initial

decision was palpably incorrect or irrational.

 On appeal, plaintiff essentially argues that the Borough's

assessments from June 20, 2014 were unfairly low, and therefore

he should have the opportunity to file a complaint in the Law

Division. Although plaintiff's Notice of Appeal states that he

is challenging the June 8, 2015 sanction order and the July 20,

2015 reconsideration order, he does not make any argument before

us regarding them.

 Our review of a trial court's dismissal of a complaint based

upon the pleadings pursuant to Rule 4:6-2 motion is de novo. Flinn

v. Amboy Nat'l Bank, 436 N.J. Super. 274, 287 (App. Div. 2014).

"[O]ur inquiry is limited to examining the legal sufficiency of

the facts alleged on the face of the complaint." Green v. Morgan

Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-

Morristown, supra, 116 N.J. at 746). "On appeal, review is plenary

and we owe no deference to the trial judge's conclusions." State

 5 A-0097-15T2
v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App.

Div. 2015) (citing Rezem Family Assocs., LP v. Borough of

Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied,

208 N.J. 386 (2011)).

 Appellate review is "one that is at once painstaking and

undertaken with a generous and hospitable approach." Green, supra,

215 N.J. at 451 (quoting Printing Mart-Morristown, supra, 116 N.J.

at 746). Nonetheless, dismissal is required "where the pleading

does not establish a colorable claim and discovery would not

develop one." Cherry Hill Mitsubishi, Inc., supra, 439 N.J. Super.

at 467 (citing Camden Cnty. Energy Recovery Assocs. v. N.J. Dep't

of Envtl. Prot., 320 N.J. Super. 59, 64 (App. Div. 1999), aff'd

o.b., 170 N.J. 246, 786 (2001)).

 Having reviewed the record in light of the applicable legal

standards, Judge Firko's decision to dismiss plaintiff's complaint

with prejudice and sanction him fees and costs is legally

unassailable. Plaintiffs' appellate arguments are without

sufficient merit to warrant further discussion. R. 2:11-

3(e)(1)(E).

 Affirmed.

 6 A-0097-15T2