**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2511-15T1

TROY HENDERSON,

    Plaintiff-Appellant,

v.

SOMERSET COUNTY and WARREN
TOWNSHIP POLICE DEPARTMENT,

    Defendants-Respondents.

_____

        Submitted July 12, 2017 – Decided September 12, 2017

        Before Judges Simonelli and Carroll.

        On appeal from the Superior Court of New
        Jersey, Law Division, Somerset County, Docket
        No. L-1413-14.

        Troy Henderson, appellant pro se.

        DiFrancesco, Bateman, Kunzman, Davis, Lehrer
        & Flaum, PC, attorneys for respondent Warren
        Township Police Department (Timothy P. Beck,
        on the brief).

        Cooper, Cottell & Taylor, LLC, attorneys for
        respondent Somerset County (Carl A. Taylor,
        III, of counsel and on the brief).

PER CURIAM

Plaintiff Troy Henderson appeals from the October 9, 2015 Law Division order, which dismissed his complaint against defendant the County of Somerset (County) with prejudice pursuant to Rule 4:6-2(e). Plaintiff also appealed from the January 22, 2016 order, which dismissed the complaint against defendant Warren Township Police Department with prejudice. However, plaintiff failed to submit the order or the judge's statement of reasons, leaving us no alternative but to affirm the January 22, 2016 order. Cipala v. Linclon Tech. Inst., 179 N.J. 45, 55 (2004); Soc'y Hill Condo. Ass'n. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002). For the following reasons, we affirm the October 9, 2015 order as well.

We derive the following facts from the record. Following a motor vehicle stop on June 10, 2011, the police searched plaintiff's vehicle and found six bricks of heroin. A grand jury indicted defendant for possession with intent to distribute a controlled dangerous substance (heroin), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(13). Defendant also received summonses charging him with several motor vehicle violations.

On July 18, 2013, the trial court granted defendant's motion to suppress the heroin found in his vehicle, finding the stop was justified, but the search was unlawful. The State appealed, and

we affirmed.  State v. Henderson, No. A-0032-13 (App. Div. Mar. 28, 2014).  On August 7, 2014, the court dismissed the indictment and remanded the summonses to the Warren Township Municipal Court.

Plaintiff did not file a notice of tort claim, as required by N.J.S.A. 59:8-8(a).  On October 28, 2014, he filed a complaint against the County, alleging malicious prosecution, but did not name the Somerset County Prosecutor's Office or the assistant prosecutor as defendants.

The County filed a motion to dismiss the complaint with prejudice pursuant to Rule 4:6-2(e), arguing it was not an appropriate party to this action and was not vicariously liable for the acts of prosecutors.  Citing Cashen v. Spann, 66 N.J. 541, 552 (1975) and Wright v. State, 169 N.J. 422, 455 (2001), the motion judge concluded that the State is the proper defendant when filing a claim against a prosecutor because the prosecutor is considered an agent of the State, not the County.  The judge emphasized that defendant did not name either the assistant prosecutor or the Prosecutor's Office as defendants in this action. This appeal followed.

On appeal, plaintiff does not address the judge's decision in his merits brief.  "An issue that is not briefed is deemed waived upon appeal."  N.J. Dep't of Envtl. Prot. v. Alloway Twp.,

438 <u>N.J. Super.</u> 501, 505-06 n.2 (App. Div.), <u>certif. denied</u>, 222

<u>N.J.</u> 17 (2015).  Nevertheless, we discern no reason to reverse.

We have held that

> [m]otions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested' by the facts.  The inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint.  On appeal, review is plenary and we owe no deference to the trial judge's conclusions.
>
> . . . .
>
> Dismissal is the appropriate remedy where the pleading does not establish a colorable claim and discovery would not develop one.
>
> [<u>State v. Cherry Hill Mitsubishi</u>, 439 <u>N.J. Super.</u> 462, 467 (App. Div. 2015) (citations omitted).]

Dismissal was appropriate here.  A County cannot be held vicariously liable for the acts of prosecutors because, when "investigat[ing] . . . criminal activity," prosecutors act "as agents of the State and not the County." <u>Cashen</u>, <u>supra</u>, 66 <u>N.J.</u> at 552.  In addition to being vicariously liable for the acts of prosecutors, the State is responsible for the legal defense and must indemnify the County against claims against prosecutors in connection with investigating or prosecuting criminal defendants. <u>Wright</u>, <u>supra</u>, 169 <u>N.J.</u> at 454-56.

Here, the claims against the County were limited to claims arising from plaintiff's alleged malicious prosecution. Accordingly, plaintiff's complaint against the County was properly dismissed with prejudice as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2511-15T1