**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0110-20

MICHAEL J. REDENBURG,

    Plaintiff-Appellant,

v.

DAVID WILDER MERRITT,
ESQ., and MCGOVERN LEGAL
SERVICES, LLC,

    Defendants-Respondents.

_____

Submitted March 24, 2021 – Decided May 21, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No L-2201-20.

Michael J. Redenburg, appellant pro se.

Maselli Warren, PC, attorneys for respondents (Paul J. Maselli, on the brief).

PER CURIAM

In this libel action, plaintiff Michael J. Redenburg appeals the trial judge's order granting defendants David Wilder Merritt's and McGovern Legal Services, LLC's Rule 4:6-2(e) motion for failure to state a claim upon which relief can be granted. We agree with the judge that Merritt's putative libel statement was protected by the litigation privilege and affirm.

We glean the relevant facts from the allegations in plaintiff's complaint, treating them as true and extending to him all favorable inferences. See Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625-26 (1995). Plaintiff, an attorney licensed to practice law in New York and New Jersey, was involved in a dispute with a condominium neighbor, Kimberly Denise King-Voisin, who complained that his interior surround sound speakers installed in a common wall were too loud. The City of Jersey City served a notice of violation and order to terminate to plaintiff stating that the speakers in a partition wall were not installed pursuant to the manufacturer's recommendations and compromised the wall's fire ratings.

Following the issuance of the municipal violation notice, the condominium association (the Association), through its counsel, McGovern Legal, and Merritt, an associate attorney in the firm, sent a letter to plaintiff's counsel, demanding that plaintiff "restore the wall to its original specified fire-

A-0110-20

rated and sound-rated specifications" within seventeen days. In accordance with N.J.S.A. 46:8B-14(k) and Sections 11.4 and 11.5 of the Association's by-laws, the dispute was submitted to alternative dispute resolution (ADR). A settlement was reached resulting in the Association's retention of Ostergaard Acoustical Associates, professional acoustic engineers, to test the sound rating of plaintiff's speaker installation. Ostergaard's staff engineer Mike Conaway[1] was assigned to perform the testing.

To facilitate the testing of plaintiff's sound system in the wake of COVID-19 concerns, emails were exchanged between Conaway and plaintiff's counsel. Merritt sent an email to Conaway, copied to plaintiff's counsel, stating:

> The neighboring [u]nit is owned by [King-Voisin]. . . . I confirmed you can contact her directly to schedule. Be aware that the [u]nit is occupied by a tenant, and that she will want to discuss your COVID precautions.
>
> In speaking with the two parties, please do not copy/forward [King-Voisin] and [plaintiff] on the same email thread as they have criminal complaints filed against each other for harassment. We'd like to minimize the amount of direct contact between them to avoid a disruption.

The statement that criminal complaints were filed was false.

---

[1] The record also spells his name "Conway."

A-0110-20

Two days later, plaintiff, representing himself, filed a civil complaint against defendants alleging Merritt's statement that King-Voisin filed a criminal complaint for harassment against him was libelous or libelous per se and that they were liable for special damages, punitive damages, reasonable attorney's fees, and court costs. In lieu of an answer, defendants filed a Rule 4:6-2(e) motion to dismiss the complaint for failure to state a claim.

The motion judge granted defendant's motion. In her written decision, the judge reasoned that under Buchanan v. Leonard, 428 N.J. Super. 277, 285-87 (App. Div. 2012), the statement was protected by the litigation privilege afforded to statements made by an attorney to his expert in the course of judicial proceedings. Plaintiff appealed.

Our review of a trial court's ruling on a motion to dismiss is de novo. Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017) (citing Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016)). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted).

In considering a motion under Rule 4:6-2(e), courts must accept the facts asserted in the complaint and should accord the plaintiff all favorable inferences.

A-0110-20

<u>Watson</u>, 453 N.J. Super. at 47. "A complaint should be dismissed for failure to state a claim pursuant to <u>Rule</u> 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" <u>Frederick v. Smith</u>, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting <u>Rieder v. State Dep't of Transp.</u>, 221 N.J. Super. 547, 552 (App. Div. 1987)). "[O]ur inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint.'" <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451 (2013) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). Therefore, the pleading must be "search[ed] . . . in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." <u>Id.</u> at 452 (quoting <u>Printing Mart-Morristown</u>, 43 N.J. Super. at 746).

Applying these standards, we agree with the court's dismissal of plaintiff's complaint. To establish a prima facie case of defamation, a plaintiff must establish the defendant made a false statement about the plaintiff that was publicized to a third party and caused damages to plaintiff. <u>Govito v. W. Jersey Health Sys., Inc.</u>, 332 N.J. Super. 293, 305-06 (App. Div. 2000). The false statement must injure the plaintiff's reputation, or subjects the plaintiff to "'hatred, contempt or ridicule[,]' or . . . '[cause others to lose] good will and

5

confidence'" in the plaintiff. Romaine v. Kallinger, 109 N.J. 282, 289 (1988) (quoting Leers v. Green, 24 N.J. 239, 251 (1957)). Whether a statement is defamatory is a question of law "to be decided first by the court." Id. at 290.

Like the trial court, however, we need not determine if the statement is defamatory because it falls within the litigation privilege. See Feggans v. Billington, 291 N.J. Super. 382, 393 (App. Div. 1996) ("In determining whether the qualified privilege is a defense, it is irrelevant if the statement at issue was defamatory.") (citing Lutz v. Royal Ins. Co. of Am., 245 N.J. Super. 480, 496 (App. Div. 1991)). The litigation privilege generally protects attorneys and litigants "from civil liability arising from words . . . uttered in the course of judicial proceedings." Loigman v. Twp. Comm. of Twp. of Middletown, 185 N.J. 566, 579 (2006). The privilege shields "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Buchanan, 428 N.J. Super. at 286 (citing Loigman, 185 N.J. at 585). The privilege is not confined to the courtroom and "extends to all statements or communications in connection with the judicial proceeding." Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995) (citations omitted). The litigation privilege "may be extended to

statements made in the course of judicial proceedings even if the words are written or spoken maliciously, without any justification or excuse, and from personal ill will or anger against the party defamed." DeVivo v. Ascher, 228 N.J. Super. 453, 457 (App. Div. 1988) (citation omitted). Additionally, "[p]retrial communications by parties and witnesses are protected 'to promote the development and free exchange of information and to foster judicial and extra-judicial resolution of disputes.'" Hawkins, 141 N.J. at 218 (quoting Gen. Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1129 (6th Cir. 1990)). "The only limitation which New Jersey places upon the privilege is that the statements at issue 'have some relation to the nature of the proceedings.'" Rabinowitz v. Wahrenberger, 406 N.J. Super. 126, 134 (App. Div. 2009) (quoting Hawkins, 141 N.J. at 215).

We disagree with plaintiff that the motion judge failed to analyze under Buchanan and Hawkins whether Merritt's statement to Conaway aided and is connected to defendants' objective in the noise complaint dispute. Although the court's comments were brief, it held that the statement "was made in the context of discussing a prospective sound inspection of [p]laintiff's apartment in connection with the mediation."

A-0110-20

We add that "[w]hether the statement[] w[as] made to achieve the objects of the litigation depends on [its] relationship to the [action]." Hawkins, 141 N.J. at 218 (emphasis omitted). Conaway was retained to conduct an engineering inspection of plaintiff's sound system to determine whether it exceeded permissible noise levels reverberating into King-Voisin's unit. It was therefore reasonable for Merritt to advise Conaway that he needed to proceed cautiously in interacting with plaintiff and his neighbor during the inspection due to Merritt's belief that the acrimony caused by the alleged excessive noise resulted in the cross-filing of harassment complaints. The statement was made in Merritt's effort to resolve King-Voisin's noise complaint in accord with the ADR settlement. This is a type of quasi-judicial proceeding protected by the litigation privilege.

In reaching our conclusion, we dismiss plaintiff's contention that the trial court erred as a matter of law in finding that defendant's statement was protected by the absolute privilege because it "appl[ied] a 'hybrid' analysis using both the qualified privilege and the litigation privilege to reach the decision it wanted to." It is evident the court correctly granted defendants' motion because plaintiff's defamation claim was barred by the litigation privilege.

A-0110-20

To the extent we have not addressed any of plaintiff's arguments, it is because we conclude they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0110-20