**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2771-23

MICHAEL F. EVERS,

     Plaintiff-Appellant,

v.

ANN HOLTZMAN, a/k/a The
Hoboken Zoning Officer, and
201 PARK AVENUE CORP.,

     Defendants-Respondents,

and

THE ZONING BOARD OF THE
CITY OF HOBOKEN,

     Defendant.

_____

Argued March 13, 2025 – Decided March 20, 2025

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4083-23.

Michael F. Evers, appellant, argued the cause pro se.

Joshua D. Glenn argued the cause for respondent Ann Holtzman, a/k/a The Hoboken Zoning Officer (Florio Perrucci Steinhardt Cappelli & Tipton, LLC, attorneys; Joshua D. Glenn, on the brief).

James M. Turteltaub argued the cause for respondent 201 Park Avenue Corp. (Prime & Tuvel and Turteltaub Law Firm, LLC, attorneys; Jason R. Tuvel, James M. Turteltaub, and Linda A. Turteltaub, of counsel and on the brief; Benjamin T.F. Wine, on the brief).

PER CURIAM

Plaintiff Michael F. Evers appeals from the March 27, 2024 order dismissing his complaint in lieu of prerogative writs against defendants Ann Holtzman, in her capacity as the City of Hoboken Zoning Officer, and 201 Park Avenue Corp. (201 Park).  Based on our review of the record and applicable legal principles, we affirm.

Plaintiff resides on Second Street in Hoboken.  Defendant 201 Park owns property across the street located at 138 Park Avenue.  In 2022, 201 Park applied for and was granted preliminary and final site plan approval to construct a five-story building by the Zoning Board of Adjustment of the City of Hoboken (Board).  The approval included a variance to construct a building with an elevation forty-three feet, six inches above the design flood elevation (DFE) where forty feet is permitted.  Building height is measured from the DFE to the

highest beam of the roof and does not include certain roof appurtenances such as parapets.

In addition to a detailed floor plan, site plan, side elevation plan, and topographical survey map prepared by the architectural firm, Minervini Vandermark Melia Kelly, LLC (MVMK), 201 Park included with its application a rendering of the proposed building prepared by MVMK (the MVMK rendering). The MVMK rendering states it is "NTS" or not drawn to scale and indicates the proposed building elevation would be approximately fifty-one feet. It depicts other structures in the immediate area with differing building elevations of approximately fifty feet. The detailed side elevation plan prepared by MVMK indicates the building elevation would be fifty feet, six inches to the roof line, not including the parapet, which would add another three feet, three inches, for a total elevation of fifty-three feet, nine inches.

After the Board granted 201 Park's application, plaintiff filed an action in lieu of prerogative writs contending, among other things, the approved plans were inconsistent with the MVMK rendering. On June 5, 2023, the court vacated the Board's approval, but retained jurisdiction and remanded the matter in part for the Board "[t]o explain whether the [MVMK rendering] submitted

3

with the [a]pplication (relative to the height of various buildings on the block) was significant to the Board's decision and, if not – why not?"

On August 15, 2023, the Board passed an Amended Resolution again approving 201 Park's application. It states, "[t]he proposed project shall be constructed in accordance with the approved plans" and specifically granted the height variance stating, "[t]he proposed building will be constructed at [forty-three feet, six inches] above the DFE in accordance with the MVMK architectural plan." In response to the court's inquiry on remand, the Amended Resolution states:

> During deliberation, none of the Commissioners expressed reliance on the MVMK rendering, nor mentioned same or gave it any weight on the record and during deliberation. [Plaintiff] took exception to the MVMK rendering during the hearing[]. The architectural plan prepared by MVMK contained the height of the proposed building, in terms of number of stories and height and [201 Park] is bound by same unless additional relief is requested by way of an amended application to the Board.

On October 11, 2023, the court conducted a hearing following remand at which plaintiff agreed to dismiss his complaint with prejudice. On October 12, the court entered an order dismissing the complaint.

On November 7, while the building was under construction, plaintiff wrote to Holtzman contending

4

from the height of the i-beams that mark the top of the second floor . . . it is quite clear that the developer is not going to be able to fit the three additional floors and a parapet . . . into the remaining space, which is what the developer needs to do to meet the requirements imposed by the [MVMK] rendering.

On November 16, plaintiff filed a verified complaint in lieu of prerogative writs with an order to show cause against defendants and the Board.[1] On November 30, Holtzman wrote the following to plaintiff:

Based on [her] investigation, the elevations verified by survey, and the measurements taken at the site, it [was her] determination that the construction of 138 Park Avenue [was] progressing in a manner that [was] consistent with the approvals obtained from the Board . . . and the permits issued. Therefore, no further action needs to be taken and [she was] closing [the] investigation.

In lieu of answering, Holtzman filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 4:6-2(e), which 201 Park subsequently joined, contending plaintiff failed to appeal Holtzman's determination to the Board before filing his complaint. On March 27, 2024, the court heard oral argument on plaintiff's order to show cause seeking injunctive relief and defendants' motion to dismiss.

---

[1] By consent order dated March 27, 2024, plaintiff's complaint against the Board was dismissed with prejudice and without costs.

Plaintiff sought to introduce the MVMK rendering to establish the building was not constructed in compliance with the approved plans. He also sought to introduce a screenshot from The Home Depot website to establish the dimensions of a single concrete block and, using those dimensions, the height of certain concrete block sections of the building depicted in photographs he took.

The court sustained defendants' objection to the MVMK rendering because "[i]t [was] not relevant. The Board did not rely upon [it]." The court noted it was plaintiff's "burden . . . to prove . . . by a preponderance of evidence that this building was not built in accordance with the plans" not that "the building violate[s] the heights in [the MVMK] rendering because [the Board] did[ not] rely upon that." The court also sustained defendants' objection to the screenshot from The Home Depot website because "it is impossible to judge the height of the building from the measurement of one cinder block."

Following oral argument, the court entered an order denying plaintiff's order to show cause and dismissing his complaint with prejudice supported by an oral opinion. It found "plaintiff, having the burden of proof, has basically conceded that it is impossible for him to prove that the building was not built in accordance . . . [with] the plans that were approved by the . . . Board." Even if

6

plaintiff could prove the building "does[ not] comply with the [MVMK] rendering, . . . the record makes it clear that the . . . Board did not consider [the MVMK] rendering in approving the plans and spec[ifications] and ordering them to build it in compliance with the plans and spec[ifications]." It concluded, "[t]here[ has] been no other testimony presented from . . . plaintiff that could possibly be considered – even giving . . . plaintiff the benefit of all doubt in his testimony and the evidence, that there was a failure to comply with the plans and spec[ifications]." Having dismissed the complaint, the court deemed defendants' motion to dismiss moot.

On appeal, plaintiff contends the court "erred when it refused to admit . . . critical pieces of evidence despite their being highly relevant and therefore [admissible] under [N.J.R.E.] 402." Specifically, he argues the court erred by excluding the MVMK rendering and the screenshot from The Home Depot website.

We review the court's evidentiary decisions under the abuse of discretion standard. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571

7

(2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Our review of a trial court's decision to dismiss a complaint is de novo. Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017) (citing Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016)). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State v. Cherry Hill Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (citing Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)). "Where, . . . it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (quoting J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010)).

We affirm for the reasons set forth in the court's oral opinion. Plaintiff's arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

We are satisfied the court did not misapply its discretion by excluding plaintiff's evidence. It correctly determined the MVMK rendering is irrelevant because the Amended Resolution expressly states the Board did not rely on it or

give it any weight. Instead, "[t]he architectural plan prepared by MVMK contained the height of the proposed building." The Board required the "project . . . be constructed in accordance with the approved plans," not the MVMK rendering.

The court correctly excluded the screenshot of The Home Depot website. As the court noted, it is not possible to determine the height of the building or any portion of it based on the dimensions of a single concrete block. Moreover, the screenshot is inadmissible hearsay pursuant to N.J.R.E. 802 and is not subject to an applicable exception.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2771-23