**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1141-24

AMERICAN VOYAGER NJ, INC.,

    Plaintiff-Appellant,

v.

BAEKELAND RENTALS, INC.,

    Defendant-Respondent.

_____

          Submitted October 15, 2025 – Decided October 30, 2025

          Before Judges Susswein and Chase.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2405-24.

          Garry Pogil, attorney for appellant.

          Mandelbaum Barrett PC, attorneys for respondent (Lawrence C. Weiner, on the brief.)

PER CURIAM

    Plaintiff American Voyager NJ, Inc. appeals from two Law Division orders: an October 1, 2024 order granting defendant Baekeland Rentals, Inc.'s

motion to dismiss, and a November 22, 2024 order denying plaintiff's motion to amend its complaint. We affirm.

I.

Plaintiff operates a loading and container transport business requiring ground sturdy enough for heavy machinery. In fall 2022, plaintiff sought to lease property from defendant, who owns roughly nine acres on Baekeland Avenue in Middlesex Borough.

Defendant inspected plaintiff's prior site to understand the operation and stated it would remove debris and prepare the land to support heavy equipment. Defendant also obtained a certificate of occupancy ("CO") for plaintiff.

Plaintiff toured the property in November 2022, observing ongoing construction and noting the site was not ready for heavy machinery. Nevertheless, both parties signed a lease days later. The lease stipulated that plaintiff accepted the premises "as is, where is, and with all faults," and released defendant from any duty to refurbish or improve the property. Plaintiff assumed responsibility for all necessary licenses and permits. The lease also released defendant from liability for business interruptions and included an implied warranty of habitability.

A-1141-24

On a subsequent inspection, plaintiff observed five acres "destroyed" and covered with millings of unknown chemical composition, which raised ground levels unevenly. Plaintiff alleged these conditions made the land unsuitable for its operations and accused defendant of misrepresentation. To demonstrate the problem, plaintiff drove a truck with a trailer onto the property, showing that the softened ground could not support heavy machinery. Defendant then offered plaintiff six months' free rent for three acres and agreed to level that portion for heavy machinery. Plaintiff accepted.

At year's end, defendant reported issues with the CO and relayed to plaintiff that a local zoning officer threatened to close the business, believing the land was being used as a junkyard. Defendant told plaintiff to stop operations and to vacate by the last day of the year. Plaintiff demanded that defendant resolve the CO issue.

Although plaintiff stayed at the property, it failed to pay rent in February and March 2023, accumulating $167,716.12 in arrears. As a result, defendant initiated an eviction proceeding to dispossess plaintiff.

In April, plaintiff attempted to ameliorate the softness of the ground by bringing ten dump trucks full of stone onto the property. Its intention was to utilize this stone to harden the ground of the loading dock by compressing the

3

millings that had been on the property so that the ground could support heavy machinery.

On the day of the trial, the parties, represented by counsel, settled via consent judgment. Plaintiff agreed: (1) to an entry of a judgment of possession; (2) to pay all of the back rent and monthly rent on the first of each month moving forward; (3) that if payments were not made, defendant could seek a warrant of removal; and (4) to waive any claims of latent defects or misrepresentation for conditions that existed up until May 17, 2023.

Three months later, plaintiff reported flooding from a neighboring property, noted the stone was shifting, and blamed defendant's millings for exacerbating the issue. Plaintiff consulted a specialist who explained that water runoff from higher adjacent land would wash away the property. Plaintiff also claimed that the uncompacted millings created both a dust hazard and adverse health effects for employees.

Plaintiff vacated the property in February 2024 and sued defendant, alleging fraud/misrepresentation, violation of N.J.S.A. §56:8-2, breach of contract, and constructive eviction. Defendant moved to dismiss the complaint for failure to state a claim.

4 <span>A-1141-24</span>

On October 1, 2024, the trial court dismissed the complaint, finding it barred by both the lease and the consent judgment. The court stated that only a latent defect discovered after the consent judgment could permit the claim to proceed.

Two weeks later, plaintiff filed a proposed amended complaint. The amended complaint expanded upon the flooding issue that allegedly arose on the land and further allegations that defendant's use of millings to level the ground created an environmental hazard.

Defendant opposed, arguing the amended complaint was substantially similar to the original complaint and should be barred. On November 22, 2024, the court denied the motion to amend the complaint, determining that res judicata barred relitigating matters resolved by the consent judgment.

This appeal followed.

## II.

### A.

Initially, plaintiff argues the court erred in granting the motion to dismiss because it relied on documents outside of the complaint, thereby improperly converting the motion to dismiss to a summary judgment motion. We disagree.

5

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Kennedy v. Weichert Co., 257 N.J. 290, 302 (2024) (citing W.S. v. Hildreth, 252 N.J. 506, 518 (2023)). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State v. Cherry Hill Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted).

Generally, when the trial court has considered matters outside the pleadings, the motion to dismiss for failure to state a claim becomes one for summary judgment. See R. 4:6-2. Our Supreme Court has nevertheless stated that, "[i]n evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Banco Popular N. Am v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004)). Thus, in reviewing a motion under Rule 4:6-2(e), a court may consider documents referred to in the complaint, matters of public record, or documents explicitly relied on in the complaint, without converting the motion to dismiss into one for summary judgment. See N.J. Citizen Action, Inc. v. Cnty. of Bergen, 391 N.J. Super. 596, 605 (App. Div. 2007).

Plaintiff does not specify the documents the court relied on which were not part of the pleadings. A review of the record reflects the only documents

6

considered by the court were the lease and consent judgment. The lease forms the basis of plaintiff's claims and is referenced in the complaint. The consent judgment is a publicly available document, and it was appropriate for the court to consider it without converting the motion to one for summary judgment.

B.

Next, plaintiff asserts the court erred in dismissing the amended complaint because it alleged facts that occurred after the consent judgment. For example, plaintiff contends that he was unable to tell that there were problems with flooding because of the millings until September. Moreover, he asserts that after the parties entered into the consent judgment, defendant did not take any steps to correct the CO issue. We are not persuaded.

We review a trial court's grant or denial of a motion to amend a pleading under an abuse of discretion standard. Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998). While motions for leave to amend pleadings are to be liberally granted, they nonetheless are best left to the sound discretion of the trial court in light of the factual situation existing at the time each motion is made. R. 4:9-1; Du-Wel Products v. U.S. Fire Ins., 236 N.J. Super. 349, 364 (App. Div. 1989). "[C]ourts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other

7

words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)). This "futility prong analysis" instead provides that exercise of discretion for motions to amend requires a two-step process: "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Ibid.

A motion to amend is properly denied when the motion's purpose is to re-litigate an issue that the court has already decided. Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 539-40 (App. Div. 2009). Res judicata also bars the re-litigation of claims that have already been adjudicated to ensure fairness to defendants and maintain judicial integrity. Velasquez v. Franz, 123 N.J. 498, 505 (1991). For res judicata to apply, three elements must be met: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior actions; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Rippon v. Smigel, 449 N.J. Super. 344, 367 (App. Div. 2017). Once there has been a final judgment on the matter, a party cannot assert an issue that could

8

have been raised in the first action.  Bondi v. Citigroup, Inc., 423 N.J. Super 377, 422 (App. Div. 2011).  Importantly, consent judgments are considered final adjudications on the merits.  Joesph L. Muscarelle, Inc. v. State, by Dept. of Transp., 175 N.J. Super. 384, 394-95 (App. Div. 1980).

Plaintiff fails to demonstrate the court abused its discretion when it denied the motion for leave to file an amended complaint and dismissed the complaint with prejudice.  Plaintiff does not allege new defects that were not known before the consent judgement.  The amended complaint merely expanded upon known issues litigated previously and waived as part of the consent judgment. Therefore, the trial court properly barred further litigation.

To the extent we have not addressed arguments herein, we find them to be without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-1141-24