**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3411-21
A-0396-22

PAUL B. DALNOKY,

     Plaintiff-Appellant,

v.

THE PINELANDS REGIONAL
SCHOOL DISTRICT,

     Defendant-Respondent.

_____

        Submitted October 12, 2023 – Decided November 13, 2023

        Before Judges Vernoia and Gummer.

        On appeal from the Superior Court of New Jersey, Law Division and Chancery Division, Ocean County, Docket Nos. L-0435-22 and C-000082-22.

        Paul B. Dalnoky, appellant pro se.

        Lenox, Socey, Formidoni, Giordano, Lang, Carrigg & Casey, LLC, attorneys for respondent (Patrick F. Carrigg, on the brief).

PER CURIAM

We calendared these appeals back-to-back and consolidate them for purposes of this opinion because they arise from the same facts. In A-3411-21, plaintiff, Paul B. Dalnoky, appeals from a May 3, 2022 Law Division order dismissing his amended complaint against defendant, Pinelands Regional School District, alleging breach of contract, breach of the covenant of good faith and fair dealing, invasion of privacy, intentional infliction of emotional distress, and "violation of [a] state regulation," N.J.A.C. 6A:16-7.7.[1] In A-0396-22, plaintiff appeals from a July 22, 2022 Chancery Division order dismissing his complaint, in which he sought an injunction requiring that defendant "make and strictly enforce a no[-]cell phone[-]use[-]by[-]students policy in its schools and particularly in its classrooms." Having considered the parties' arguments and the applicable legal principles, we affirm the challenged orders.

I.

Plaintiff filed his Law Division complaint on December 6, 2021, and the court entered an order dismissing plaintiff's subsequently filed amended complaint on May 3, 2022. At some undefined point following the filing of the

_____

[1] In the amended complaint, plaintiff asserted a cause of action alleging defendant had violated the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. The court severed that claim from the remaining causes of action and disposed of the claim in a separate proceeding. The disposition of plaintiff's OPRA claim is not before us on these appeals.

amended complaint in the Law Division and defendant's motion to dismiss that complaint, plaintiff filed a Chancery Division complaint founded on the same facts as those alleged in the Law Division matter.[2]  However, in the Chancery Division action, plaintiff sought an injunction requiring defendant enact and enforce a policy prohibiting students from having cell phones in the classroom.

Because the appeals require that we review orders granting Rule 4:6-2(e) motions to dismiss the complaints in both actions for failure to state claims on which relief may be granted, and the complaints share the identical nucleus of pertinent facts, we accept as true and summarize the facts asserted in those complaints.  See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

Defendant employed plaintiff as a substitute teacher during the 2018-2019 school year and from September 2019 to March 2020.  Plaintiff estimates that during his employment he worked approximately 100 days for defendant.

---

[2]  Plaintiff's appendix on appeal includes a three-page, twenty-eight paragraph, Chancery Division complaint that plaintiff identifies as the operative complaint in this matter, but which does not include a "filed" date.  We discern the complaint was filed after defendant's motion to dismiss the complaint in the Law Division because the Chancery Division complaint refers to the filing of the motion to dismiss the Law Division action.  We also note that at the end of the Chancery Division complaint, plaintiff included a date of "April 2022," thereby further supporting an inference the Chancery Division complaint was filed prior to entry of the May 3, 2022 order dismissing the Law Division complaint.

Plaintiff alleged that during his employment he had "never missed a day[,] . . . called out[,] . . . arrived late[,] . . . [or] requested to leave early."

According to plaintiff, the conduct of the students in the school district's "junior and high school" was "abhorrent, verging on criminal conduct." Plaintiff asserted the students "have no compunction about using their [cell] phones in class" and, during periods in which the students are allowed independent study, they "sit on their desks alone or in groups, chatting, and being on their phones."

Plaintiff further claimed he had witnessed an incident during which "a co-teacher, a very small woman, [had] attempted to take a student's phone," the student "physically fought the teacher for control of his phone," and "the student was never disciplined." Plaintiff alleged it was during that incident he believes he had first "raised his voice" in the school.[3]

Plaintiff averred defendant has "no rules in [its] schools concerning students' use of [cell] phone[s]." He also asserted defendant

---

[3] Although not alleged in the complaints in the two matters, plaintiff's briefs on appeal suggest that at two different times students recorded him raising his voice in the classroom. Plaintiff's briefs also suggest defendant improperly relied on those recordings, and another student's recording allegedly showing plaintiff sleeping in the classroom, as the basis for its decision to terminate his employment. As noted, those purported facts and allegations are not included in the operative complaints in the Law Division or Chancery Division, and we therefore do not rely on them in our de novo review of the court's orders dismissing the complaints.

"twice . . . presented what it claims are [the] rule[s]," but the document provided to him "states that it [includes] merely guidelines." Plaintiff alleged students do not need to have a cell phone in class and students' cell phones should be "left in their lockers."

Plaintiff's complaints further aver that on three occasions during the 2019-2020 school year, students in his classes had surreptitiously video- and audio-taped him while performing his duties as a substitute teacher. In his Law Division complaint, plaintiff claimed that during the 2019-2020 school year a student had surreptitiously video- and audio-taped him during "the performance of his duties" in the classroom and showed the recording to the school administration. According to the allegations in the Law Division complaint, a second student subsequently video- and audio-taped plaintiff "in the performance of his duties," and a third student later did so as well.

Plaintiff alleged the students' recordings were either authorized or ratified by the school administration. He further asserted the students who made the first two recordings had uploaded them to social media, and the school administration had made a copy of the recording made by the third student. Plaintiff claims the school administration is responsible for the students' surreptitious recordings and their publication of the recordings.

Defendant terminated plaintiff's employment in March 2020. He alleged the superintendent of the school district advised him at the time about the students' surreptitious videotaping "and wrongly terminated [his] employment agreement" at that time "based upon the wrongful acts of the . . . students."

The Law Division Action

Based on those factual allegations, in A-3411-21, plaintiff filed his initial complaint in the Law Division in Atlantic County asserting causes of action for breach of contract and the covenant of good faith and fair dealing, invasion of privacy, intentional infliction of emotional distress, and an OPRA violation. Plaintiff later filed an amended complaint adding a cause of action for an alleged violation of N.J.A.C. 6A:16-7.7 and other state regulations. The amended complaint is the operative complaint the court later dismissed.

Defendant moved for a change of venue to Ocean County and, in a February 22, 2022 order and an amended February 24, 2022 order, the court granted defendant's motion in part, transferring venue of plaintiff's claims for breach of contract and the covenant of good faith and fair dealing, invasion of privacy, intentional infliction of emotional distress, and violations of State regulations to Ocean County. The court denied the motion as to the OPRA cause of action.

On March 15, 2022, plaintiff requested entry of default against defendant for "failure to plead or otherwise defend as provided for in Rule 4:43-1." The court entered default against defendant on March 21, 2022.[4]

Following entry of default, defendant moved for dismissal of the complaint under Rule 4:6-2(e), arguing the complaint failed to state a claim upon which relief could be granted. While its dismissal motion was pending, defendant also moved to vacate default. Plaintiff filed opposition to the motion to dismiss.

The court heard arguments virtually on the motions on the same day. At the outset of the hearing, plaintiff explained to the court he was an attorney who had practiced law for seventeen years. He also noted he had received notice of the hearing only minutes before it began because he had provided the wrong email address to the court with his submissions. The court inquired as to whether plaintiff was unable to file written opposition to the motions due to his delayed receipt of the notice of the hearing. Plaintiff advised the court his late receipt of the notice of the hearing had not prevented him from filing his

---

[4] The record does not include an order from the court showing when default was entered. We rely on defendant's representation in its merits brief that default was entered on March 21, 2022. Plaintiff does not dispute defendant's representation in his reply brief.

opposition to the motion to dismiss but had prevented him from filing opposition to the motion to vacate default.

The court first granted defendant's motion to vacate default and then, after hearing arguments on defendant's dismissal motion, granted the motion to dismiss plaintiff's complaint, finding the complaint did not contain claims on which relief may be granted against defendant. The court entered a May 3, 2022 order dismissing the complaint without prejudice. The appeal in A-3411-21 followed.

The Chancery Division Action

Based on the same essential facts as set forth in the Law Division complaint, in A-0396-22, plaintiff filed a single-count complaint in the Chancery Division seeking an injunction requiring that defendant adopt a disciplinary cell phone policy prohibiting students from having cell phones in the classrooms of defendant's school district. Defendant filed a motion to dismiss under Rule 4:6-2(e) for failure to state a claim upon which relief may be granted.

In support of its motion to dismiss, defendant submitted a certification of its counsel explaining plaintiff had previously filed a complaint against defendant in the United States District Court for the District of New Jersey based

on essentially the identical facts alleged in the Chancery Division matter. In the complaint filed in the District Court, plaintiff sought damages under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988 based on a cause of action for invasion of privacy. Counsel submitted a copy of plaintiff's federal complaint and the order dismissing it as exhibits to her certification.

In her certification, counsel also explained the District Court had dismissed plaintiff's complaint, finding plaintiff's invasion of privacy claim failed because he did not have a reasonable expectation of privacy in his recorded actions, which took place in the classroom in front of students.

Counsel further detailed plaintiff's filing of the Law Division complaint and the court's dismissal of the complaint without prejudice. Counsel noted plaintiff had not filed an amended complaint in the Law Division action.

In her certification, counsel also stated defendant has in place a cell phone policy, which is available on defendant's "publicly accessible website." Counsel submitted a copy of the policy to the court as an exhibit to her certification.

After hearing arguments on defendant's motion, the court rendered a detailed decision from the bench, finding plaintiff's request for an injunction requiring defendant to enact a disciplinary policy prohibiting the use of cell phones by students in the district's schools was moot because defendant had a

9

disciplinary policy concerning cell phone usage in place. The court further determined plaintiff lacked standing to request an injunction requiring defendant adopt his version of a disciplinary policy because he was no longer employed by defendant and he has no children attending schools in the district.

The court also concluded plaintiff's claim for injunctive relief is barred under the entire controversy doctrine because it is based on the identical facts as those alleged in support of the claims dismissed by the court in the Law Division matter. For the same reasons, the court determined plaintiff's complaint is barred under the doctrine of res judicata.

The court further rejected plaintiff's contention defendant's motion should be converted to one for summary judgment because the motion required consideration of documents outside the allegations in the four corners of the complaint. The court reasoned it could properly consider the documents— including the federal court complaint, the order dismissing the federal complaint, and defendant's disciplinary policy—because they were referred to in plaintiff's Chancery Division complaint.

The court entered a July 22, 2022 order dismissing the Chancery Division complaint with prejudice. In A-0396-22, plaintiff appeals from that order.

10

II.

In A-3411-21, plaintiff claims the court erred by granting defendant's motion to vacate default. More particularly, plaintiff contends defendant's motion to dismiss should have been denied as a nullity because defendant filed the motion while in default. Plaintiff also asserts that under Rule 4:43-3, a motion for default must be accompanied by "either an answer to the complaint . . . or a dispositive motion pursuant to Rule 4:6-2," and defendant violated the Rule by filing its motion to dismiss without simultaneously filing a motion to vacate default. Plaintiff further claims defendant failed to demonstrate the requisite good cause under Rule 4:43-3 to vacate default.

Under Rule 4:43-3, a court may vacate the entry of default upon a mere showing of "good cause," which, under the Rule means "the presence of a meritorious defense . . . and the absence of any contumacious conduct." O'Connor v. Altus, 67 N.J. 106, 129 (1975); see also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012) ("When nothing more than an entry of default pursuant to Rule 4:43-1 has occurred, relief from that default may be granted on a showing of good cause."). The presence of a meritorious defense is included within "good cause." O'Connor, 67 N.J. at 129. Considering whether

good cause to vacate default exists "requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." Ibid.

A trial court's decision to grant or deny a motion to vacate a default will not be disturbed unless there is an abuse of discretion. Guillaume, 209 N.J. at 467 (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). We "find[] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467-68 (citations omitted).

Defendant submitted a certification from its counsel in support of its motion to vacate default. The certification detailed defendant's active and ongoing participation in the litigation of plaintiff's claims including: its filing of a motion to change venue within eighteen days of service of plaintiff's initial complaint in Atlantic County; the court's entry of an order granting the motion to change venue of all plaintiff's claims other than his OPRA claim; the transfer of the matter to Ocean County pursuant to the change-of-venue order; and defendant's filing of a dispositive motion to dismiss the claims that were transferred to Ocean County pursuant to the change-of-venue order. Counsel also explained that the court in Atlantic County had denied plaintiff's earlier

request for default based on the pendency of the venue motion, and defendant's failure to timely file the dipositive dismissal motion in response to the complaint was the result of an erroneous understanding the motion to change venue constituted the filing of a responsive pleading such that defendant was not in default.

Counsel also argued plaintiff failed to demonstrate he would suffer any prejudice if the default, which had been entered only days before defendant filed its motion to dismiss the complaint, was vacated. In addition, counsel asserted defendant would suffer prejudice if default was not set aside because defendant would be precluded from asserting its defenses.

Based on those circumstances, we discern no abuse of discretion in the court's decision to vacate the default. The record shows defendant actively participated in the litigation from its inception, its failure to timely file an answer or dispositive motion in response to the complaint was not the result of any "contumacious conduct[,]" O'Connor, 67 N.J. at 129, it filed the dispositive dismissal motion within days of the entry of default, and its dismissal motion, which proved successful, established defendant had a meritorious defense. Defendant demonstrated good cause to vacate default, and the court did not err by granting defendant's motion.

A-3411-21

We also reject defendant's claim the court could not properly consider defendant's dismissal motion because it was filed while defendant was in default. Although defendant filed the motion to dismiss before the court vacated default, and Rule 4:43-3 requires that a motion to vacate default be accompanied by either an answer or dispositive motion, defendant effectively complied with the Rule by filing separate motions—one to vacate default and the other to dismiss the complaint—that were returnable before the court, and were heard and decided by the court, at the same time. Plaintiff suffered no prejudice simply because defendant satisfied the requirements of the Rule by filing separate motions instead of one. And the court did not consider the merits of defendant's dismissal motion until it heard argument on defendant's motion to vacate default and granted that motion. We therefore affirm the court's order granting defendant's motion to vacate default.

III.

In A-3411-21, plaintiff also argues the court erred by granting defendant's motion to dismiss the causes of action asserted in the amended complaint for failure to state a claim upon which relief may be granted under Rule 4:6-2(e). Plaintiff generally argues the complaint alleged sufficient facts supporting the

14

elements of the causes of action asserted and the court erroneously concluded otherwise.

We conduct a de novo review of a decision on a motion to dismiss under Rule 4:6-2(e), applying the same standard as the motion court. Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010). We therefore "'owe no deference to the . . . judge's conclusions.'" Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 16 (App. Div. 2022) (quoting State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015)).

In determining whether to grant a motion to dismiss under Rule 4:6-2(e), "the complaint's allegations are accepted as true with all favorable inferences accorded to plaintiff." Ibid. (citation omitted). A court must consider only "'the legal sufficiency of the facts alleged on the face of the complaint,'" Nostrame v. Santiago, 213 N.J. 109, 127 (2013) (quoting Printing Mart, 116 N.J. at 746), and must search the complaint "in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of a claim," Mac Prop., 473 N.J. Super. at 16 (quoting Printing Mart, 116 N.J. at 746).

In the amended complaint plaintiff asserts putative causes of action for breach of contract and the covenant of good faith and fair dealing, invasion of privacy, intentional infliction of emotional distress, and violation of state regulations. As we explain, based on our de novo review of defendant's motion to dismiss those claims under Rule 4:6-2(e), we are convinced the court correctly determined plaintiff failed to sufficiently state any claims upon which relief may be granted on the four asserted causes of action.

In the first count of the amended complaint, plaintiff alleged defendant breached a purported oral agreement by terminating his employment and the implied covenant of good faith and fair dealing by allowing students to surreptitiously record him in class. To establish a claim for breach of contract, a plaintiff must prove the existence of a contract with certain terms, the plaintiff's compliance with those terms, the defendant's breach of one or more of them, and a loss to plaintiff caused by that breach. Goldfarb v. Solimine, 245 N.J. 326, 338-39 (2021) (citations omitted). To sustain a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must prove a contract existed between the parties, the defendant acted in bad faith with the purpose of depriving plaintiff the rights or benefits under the contract, and the defendant's conduct caused plaintiff injury, loss, or damages. See Brunswick

Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 224-25 (2005); Model Jury Charges (Civil), 4.10J "Bilateral Contracts: Implied Terms—Covenant of Good Faith and Fair Dealing" (Rev. Dec. 2011).

In his complaint, plaintiff alleged that "[w]hen Pinelands hired [him] for the position of substitute teacher, a contract was formed with the contracting parties being [defendant] and [him]self" and the contract included a covenant of good faith and fair dealing. Beyond that conclusory assertion, plaintiff did not detail any of the alleged terms of the contract or allege facts establishing the manner in which either the termination of his employment or the students' recordings of his actions in the classroom violated the alleged contract or deprived him of the benefit of the alleged contract.

Moreover, at oral argument on defendant's motion to dismiss the complaint, plaintiff conceded that in his role as a substitute teacher employed by defendant, he was an employee at will whose employment could be properly terminated for "good cause, bad cause, or no cause at all." See Wade v. Kessler Inst., 172 N.J. 327, 338 (2002) (quoting Witkowski v. Thomas J. Lipton, Inc., 136 N.J. 385, 397 (1994)) ("'In New Jersey, an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine. An employment relationship remains terminable at the will of either

an employer or employee, unless an agreement exists that provides otherwise.'").

Plaintiff's candid concession he was an employee at will, and the absence of any assertion in the complaint that the termination of his employment and the students' recording of his actions in the classroom breached any terms of the purported contract, require the conclusion the complaint failed to state a breach of contract claim upon which relief may be granted.[5]

We similarly find the complaint fails to state a claim upon which relief may be granted on plaintiff's cause of action for breach of the covenant of good faith and fair dealing. Although plaintiff characterizes defendant's conduct as reprehensible and "reminiscent of conduct encouraged in Germany between the years 1933 and 1945 or in China during the Cultural Revolution," he alleges only that school administrators encouraged students to gather evidence against him by recording his actions in the classroom and, based on those actions, terminated his employment. Even accepting as true that defendant encouraged the students to record plaintiff's actions while serving as a substitute teacher in the classroom, such encouragement is insufficient to support a breach of the

---

[5] We appreciate that there are exceptions to the at will employment doctrine, including where an employer's grounds for termination are "contrary to public policy . . . or based on impermissible factors such as race." Wade, 172 N.J. at 338-39 (citations omitted). Plaintiff's complaint does not assert any facts supporting application of any of the exceptions.

covenant of good faith and fair dealing claim because such conduct is not unconscionable and defendant offers no factual allegations establishing the recordings were taken with a bad motive or intent.  Plaintiff thus failed to assert sufficient facts supporting the alleged cause of action for breach of the covenant of good faith and fair dealing.

In the amended complaint's second count, plaintiff asserts a cause of action for invasion of privacy.  "As a tort, invasion of privacy encompasses 'four distinct kinds of invasion of four different interests of the plaintiff.'"  Villanova v. Innovative Investigations, Inc., 420 N.J. Super. 353, 360 (App. Div. 2011) (quoting Rumbauskas v. Cantor, 138 N.J. 173, 179 (1994)).  The four kinds of invasion include:  "intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, [or] illegally searching, eavesdropping, or prying into his personal affairs"; "making public private information about [a] plaintiff"; "placing [a] plaintiff in a false light in the public eye"; and the appropriation of a plaintiff's name or likeness for the defendant's benefit.  Ibid. (quoting Rumbauskas, 138 N.J. at 180).

Plaintiff's cause of action for invasion of privacy is founded on the claim students surreptitiously recorded him without his knowledge or consent while he served as a substitute teacher in a public school classroom.  He alleges

defendant is liable for the students' invasion of his privacy because "the students became the agents of the [school] administration" through defendant's encouragement of the students to make the recordings.

Even accepting plaintiff's factual allegations as true, his invasion of privacy claim fails because he does not allege any facts establishing a violation of any of the four interests the tort of invasion of privacy protects. Plaintiff does not allege defendant's actions appropriated his likeness for defendant's benefit or placed private information about plaintiff in the public eye. See Villanova, 420 N.J. Super. at 360. Nor does he allege that either the students or defendant intruded on plaintiff's physical solitude or seclusion, invaded his home or some other private place, or illegally recorded his actions or pried into his personal affairs. See ibid. He also does not allege facts establishing defendant took action to place plaintiff in a false light. See ibid.

Plaintiff does not allege his recorded actions and conduct took place in a location where he could reasonably expect that his conduct and actions would be private. He alleges the conduct occurred in the classroom of a public school while he was in the presence of others—students—some of whom chose to record his actions. Under those circumstances, plaintiff could not have any expectation of privacy at all. See, e.g., Villanova, 420 N.J. Super. at 356

20

(finding no invasion of privacy cause of action where the defendant placed a GPS device in the plaintiff's vehicle because there was an absence of evidence plaintiff drove the vehicle out of public view to a place in which the plaintiff "had a legitimate expectation of privacy"); Bisbee v. John C. Conover Agency, Inc., 186 N.J. Super. 335, 340 (App. Div. 1982) (noting in part a plaintiff has no claim for invasion of privacy "where plaintiff's activities are already public or known"). Thus, the motion court correctly determined under Rule 4:6-2(e) that the complaint failed to state an invasion of privacy cause of action upon which relief may be granted based on the recording of plaintiff's conduct and actions in the presence of the students who recorded them.

We next consider plaintiff's cause of action for intentional infliction of emotional distress alleged in the third count of the amended complaint. To allege a viable claim for intentional infliction of emotional distress, a plaintiff must assert facts supporting the four requisite elements of the cause of action. Delvalle v. Trino, 474 N.J. Super. 124, 142-43 (App. Div. 2022); Juzwiak v. Doe, 415 N.J. Super. 442, 451 (App. Div. 2010).

First, "the plaintiff must [allege] that the defendant acted intentionally or recklessly. For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress." Buckley v. Trenton Sav.

21

Fund Soc'y, 111 N.J. 355, 366 (1988) (citations omitted). Second, "[t]he conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Ibid. (citation omitted). "Third, the defendant's actions must have been the proximate cause of the plaintiff's emotional distress." Ibid. (citation omitted). Finally, "the emotional distress suffered by the plaintiff must be 'so severe that no reasonable man could be expected to endure it.'" Ibid. (citation omitted).

We have found conduct was sufficiently outrageous to support an intentional infliction of emotional distress claim where a landlord "failed to provide central heating, running water and reasonable security in a rent-controlled building in an effort to induce the tenants to vacate," Griffin v. Tops Appliance City, Inc., 337 N.J. Super. 15, 23 (App. Div. 2001) (citing 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc., 227 N.J. Super. 449, 455-57, 466, 471-75 (App. Div. 1988)), where a doctor intentionally told a child's parents the child was "suffering from a rare disease which may be cancerous knowing that the child has nothing more than a mildly infected appendix," ibid. (citing Hume v. Bayer, 178 N.J. Super. 310, 319 (Law Div. 1981)), and where an employer used a vile, racial slur against an African American employee, ibid. (citing Taylor v.

Metzger, 152 N.J. 490, 508-21 (1998)). In contrast, we have determined the alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim where an employee was denied promotions and terminated due to age. Ibid. (citing McDonnell v. Illinois, 319 N.J. Super. 324, 332, 342 (App. Div. 1999)).

We have also observed it is exceptionally rare to find intentional infliction of emotional distress in the employment context. Ibid. In Griffin, we explained that "[e]xcept for the kind of aggravated discriminatory conduct involved in Taylor, 'it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'" Id. at 23-24 (quoting Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988)).

Here, plaintiff's complaint lacks any allegations of fact supporting a finding defendant engaged in sufficiently outrageous conduct to support an intentional infliction of emotional distress claim. Plaintiff alleges only that defendant encouraged students to record his actions and conduct in the classroom and terminated his employment based on what the recordings showed.

In our view, those allegations, even accepted as true and as cloaked in plaintiff's claims of outrage, do not rise to the level of conduct that exceeds the

bounds of decency such that they support the intentional infliction of emotional distress claim. "Our courts have found this 'elevated threshold' to be satisfied only in extreme cases." Id. at 23 (citation omitted). Plaintiff's allegations do not permit a finding this is one of them. For those reasons, we affirm the court's dismissal of the third count of the amended complaint for failure to state a claim upon which relief may be granted. R. 4:6-2(e).

Plaintiff's remaining cause of action is asserted in count five of the amended complaint and alleges defendant's actions violated Chapter 16 of the New Jersey Administrative Code.[6] As plaintiff concedes, Chapter 16 provides protections against the harassment and bullying of students. See N.J.A.C. 6A:16-1.2 ("The rules apply to the provision of programs and services for all students in kindergarten through grade 12 by New Jersey public school districts, charter schools, renaissance school projects, jointure commissions, educational services commissions, and approved private schools for students with disabilities (APSSDs)." (emphasis added)).

---

[6] We do not refer to the claim—an alleged violation of OPRA—in the fourth count of the complaint because, as noted, the court severed that claim and disposed of it in a separate proceeding that is not the subject of the pending appeals.

N.J.A.C. 6A:16-7.7(a)(2)(i), the regulation plaintiff claims defendant violated, expressly applies to the enactment of policies prohibiting harassment and bullying of students as required by N.J.S.A. 18A:37-15. Thus, the regulation is intended to give effect to N.J.S.A. 18A:37-15, which, in pertinent part, requires boards of education to adopt policies that include "[a] statement prohibiting harassment, intimidation, or bullying of a student." N.J.S.A. 18A:37-15(b)(1). As the plain language of the regulations makes clear, and as plaintiff concedes, Chapter 16 does not require that a school district enact a policy prohibiting the harassment or bullying of a teaching staff member.

For that reason alone, we affirm the motion court's dismissal of plaintiff's attempt to assert a cognizable cause of action under Chapter 16. We further reject plaintiff's argument we should expand the coverage of the regulations to require the promulgation of a policy prohibiting the harassment and bullying of substitute teachers because that interpretation would be inconsistent with the plain language of the regulations and N.J.S.A. 18A:37-15, and it is not the role of this court "to engraft requirements [on a statute] that the Legislature did not include."[7] Lippman v. Ethicon, Inc., 222 N.J. 362, 388 (2015).

_____

[7] We do not suggest that a violation of the regulations or statute supports a private cause of action for damages against a board of education or that had the

In sum, based on our de novo review of the causes of action in the amended complaint, we are convinced none asserts a claim upon which relief may be granted and the motion court correctly dismissed each on that basis. We further note the court dismissed the claims without prejudice, and plaintiff made no effort to file an amended complaint to breathe life into his otherwise fatally flawed claims.

Because we have determined plaintiff failed to assert cognizable causes of action based on our de novo review of the allegations in the amended complaint, we need not address his argument the motion court incorrectly considered information outside the four corners of the complaint in making its determination and, as a result, defendant's motion should have been treated as one for summary judgment.[8] See Lederman v. Prudential Life Ins. Co. of Am.,

---

regulations required the adoption of a policy prohibiting harassment and bullying of a substitute teacher, plaintiff would have a private cause of action against defendant based on a violation of such a requirement. See generally R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 168 N.J. 255, 272-73 (2001) (explaining standard for determining whether a violation of a statute supports a private cause of action). Based on our determination, and plaintiff's concession the regulations and statute are applicable only to students, it is unnecessary to consider or decide whether a violation of the statute or regulation otherwise supports a private cause of action.

[8] If we were to consider plaintiff's argument, we would reject it because it was not "properly presented to" the motion court and does not "go to the jurisdiction

---

26

Inc., 385 N.J. Super. 324, 337 (App. Div. 2006) (explaining "when materials outside of pleadings are relied on by a judge" considering a motion under Rule 4:6-2(e), the "motion [is] treated as one for summary judgment"). That is because in our de novo review of the court's grant of defendant's dismissal motion, we have based our determination solely on the allegations in the complaint. See Nostrame, 213 N.J. at 127. We therefore affirm the court's May 3, 2022 order dismissing the Law Division complaint from which plaintiff appeals in A-3411-21.

IV.

In A-0396-22, defendant appeals from the Chancery Division's order granting defendant's motion to dismiss plaintiff's complaint—which sought an injunction ordering defendant to adopt plaintiff's version of a disciplinary policy addressing student use of cell phones—for failure to state a claim upon which relief may be granted. As noted, the court granted the motion, finding plaintiff's asserted cause of action was barred under the entire controversy doctrine and

_____

of the [motion] court or concern matters of great public interest." State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). We would further reject the argument because although documents outside the allegations in the complaint were submitted by defendant in support of its dismissal motion, the record does not show the court relied on those documents in its determination of the dismissal motion.

the principles of res judicata and because plaintiff lacked standing and his claim is moot.

Again, we review de novo the court's order dismissing the Chancery Division complaint. Frederick, 416 N.J. Super. at 597. We also note that "'appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion.'" Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001)). Thus, our analysis of the order granting defendant's dismissal motion is not limited to the motion court's reasoning for its decision.

To establish an entitlement to injunctive relief, plaintiff is required to allege and prove "the liability of the other party,"—defendant—as well as "the need for injunctive relief, and 'the appropriateness of such relief on a balancing of equities.'" Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cantone Rsch., Inc., 427 N.J. Super. 45, 63 (App. Div. 2012) (quoting Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397 (App. Div. 2006)). Having considered only the allegations in the complaint, we are persuaded plaintiff failed to assert a cause of action upon which the requested relief—an injunction requiring defendant's adoption of plaintiff's version of a cell phone disciplinary policy—may be

28

granted for the simple but dipositive reason that defendant does not allege that defendant violated any cognizable legal duty supporting a liability for the imposition of an order requiring that it adopt a cell phone disciplinary policy suggested by plaintiff. See N.J.A.C. 6A:16-7.1 (vesting boards of education with the responsibility to adopt student codes of conduct). Stated differently, in his Chancery Division complaint, and in his merits brief on appeal, plaintiff does not allege or offer any basis in the law supporting his claim a board of education may be compelled to adopt a policy prohibiting students from having cell phones in school.

For those reasons, we affirm the court's order dismissing plaintiff's Chancery Division complaint for failure to state a claim upon which the requested relief, an injunction, may be granted. R. 4:6-2(e). We therefore deem it unnecessary to consider plaintiff's challenges to the motion court's other reasons for its dismissal order and plaintiff's claim the court erred in not considering the motion as one for summary judgment because it was dependent in part on documents that were not referenced in the complaint.

To the extent we have not expressly addressed any of plaintiff's remaining arguments in either appeal, they are without sufficient merit to warrant discussion. R. 2:11-2(e)(1)(E).

Affirmed as to A-3411-21 and A-0396-22.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION