**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1524-22

HACKENSACK RADIOLOGY
GROUP, PA,

    Plaintiff-Respondent,

v.

GOKSIN SENSOZ,

    Defendant-Appellant.

_____

Submitted January 8, 2024 – Decided January 25, 2024

Before Judges Sabatino and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-008886-22.

Guvenc Acarkan, attorney for appellant.

Michael S. Harrison, attorney for respondent (Stacy B. Fronapfel, on the brief).

PER CURIAM

    Defendant Goksin Sensoz appeals from the trial court's December 16, 2022 orders granting plaintiff Hackensack Radiology Group's ("Hackensack")

motion for summary judgment as to its affirmative claims and its motion to dismiss defendant's counterclaim. Following our review of the record and the applicable legal principles, we affirm.

I.

On November 16, 2021, defendant underwent a CT scan of her abdomen and pelvis at Hackensack.[1] After defendant failed to pay for the services, Hackensack filed a complaint in August 2022 seeking to recover $518.16.[2] Defendant filed an answer and counterclaim in November 2022.[3] Defendant's answer stated in relevant part, "[d]espite the explanation of the defective services and that no debt is owed to [p]laintiff, they have persisted to file a lawsuit against [d]efendant." Defendant's counterclaim alleged that Hackensack

---

[1] As discussed below, on November 26, 2021, defendant also underwent an MRI of her abdomen and pelvis. The November 16, 2021 CT scan is the subject of Hackensack's contract claim. The November 26, 2021 MRI is relevant to defendant's counterclaim because she claims one or both studies were improperly interpreted by the respective radiologists.

[2] Hackensack submitted an invoice in the amount of $1,369.55 for the November 16, 2021 date of service to Horizon Blue Cross Blue Shield of New Jersey. Horizon Blue Cross Blue Shield reimbursed Hackensack $851.39. Defendant was billed for the remaining $518.16.

[3] Default was initially entered but subsequently vacated to allow defendant to answer the complaint.

"rendered defective radiology services" regarding a report showing "material mistakes as to whether medical issues to . . . [d]efendant are in her left or right kidney and whether they are in her left or right pelvis."  Defendant also characterized the CT scan and MRI reports as "defective and inconclusive."

Thereafter, plaintiff moved to dismiss defendant's counterclaim.  Plaintiff further moved for summary judgment requesting the court enter a judgment against defendant in the amount of $518.16.  Defendant filed opposition to both motions.  Therein, defendant did not dispute receiving the medical services at issue.  Rather, defendant attached her certification to the opposition to plaintiff's summary judgment motion stating, "[t]here are mistakes as to my left and right lateral pelvis, abdominal [floor] through[out] [the CT scan and MRI] reports. The reports mistake as to whether the lesion is on the left or the right side."

On December 16, 2022, the trial court granted plaintiff's motion to dismiss defendant's counterclaim.  The court found that "[t]his court does not have jurisdiction over professional malpractice claims.  The counterclaim alleges medical malpractice.[4]  The counterclaim is dismissed for lack of jurisdiction."

_____

[4] Rule 6:1-2(a) enumerates an exclusive list of matters cognizable by the Special Civil Part.  Rule 6:1-2(a)(1) states, "Civil actions (exclusive of professional malpractice, probate, and matters cognizable in the Family Part of the Chancery Division or Tax Court) seeking legal relief when the amount in controversy does

In the court's amplification letter,[5] it clarified its decision to grant the motion stating that "[Rule] 6:1-2(a)(1) outlines matters considered cognizable in the Special Civil Part. [Rule] 6:1-2(a)(1) specifically excludes civil actions seeking legal relief pertaining to professional malpractice." Therefore, the court noted it "granted plaintiff's motion seeking dismissal of the counterclaim, which asserted medical malpractice in the form of defective radiology services."

On the same date, the court also granted plaintiff's motion for summary judgment. In granting summary judgment, the court noted on the order, "[t]here is no certification of defendant upon personal knowledge per [Rule] 1:6-6 wherein defendant denies receiving the medical service or responsibility for the outstanding invoice." In the court's amplification letter, it further explained its reasoning as follows:

> [Rule] 1:6-6 requires that facts not appearing of
> record or judicially noticeable be presented to the court

_____

not exceed $20,000" are cognizable in the Special Civil Part. (Emphasis added). The comments to the rule further clarify, "Subparagraph (a)(1) makes clear that those matters excluded from small claims actions, namely professional malpractice, . . . are also not cognizable in the Special Civil Part." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 6:1-2 (2024) (emphasis added). Although we agree professional negligence claims cannot be filed in the Special Civil Part, as discussed below, we assume for the purposes of this appeal—consistent with defendant's arguments—that she is not asserting a professional malpractice claim.

[5] See Rule 2:5-1(b).

by affidavit or certification made on personal knowledge. The comments to this rule state, "[t]he requirements of the rule . . . are not met by affidavits contain[ing] argument, other forms of hearsay and general factual or legal conclusions."

[(Second alteration in original)].

On December 19, 2022, the court entered judgment in favor of plaintiff in the amount of $600.16. This appeal followed.

II.

Defendant primarily contends, pursuant to Rule 4:46-2, that there are material facts in dispute and summary judgment should not have been granted. Defendant argues her certification, which asserts there were errors in the radiology reports, required a denial of the summary judgment motion. Defendant further maintains her counterclaim consisted of a contractual dispute, not a medical malpractice action, and therefore, the court erroneously dismissed defendant's counterclaim. More particularly, defendant argues the Hackensack radiology reports confused findings on her left and right sides and that the reports conflicted with each other, and therefore, Hackensack rendered inadequate services.

We review a grant of summary judgment by applying the same legal standard as the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We

must determine whether there is a "genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party . . . ." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010).

We also review de novo "the trial court's determination of [a] motion to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). Thus, we accord "no deference to the . . . judge's conclusions." Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 16 (App. Div. 2022) (alteration in original) (quoting State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467(App. Div. 2015)).

The premise of defendant's opposition to both the motion for summary judgment and the motion to dismiss is based on the same theory. She asserts Hackensack's radiology reports had "material mistakes as to whether medical issues . . . [were on] her left or right kidney [or] whether they [were] in her left

A-1524-22

or right pelvis."   In short, she claims the reports were inconsistent and the services rendered were "defective and inconclusive."

We initially observe defendant has provided no expert testimony to explain how the reports were purportedly defective.   The radiology reports provided to the court as exhibits were marked by defendant to show the purported inconsistencies.   For example, defendant highlights a portion of the November 16, 2021 CT scan report reading the "[r]ight low[er] pelvis demonstrates an ovoid hypodensity . . . .   This could represent the right ovary with a prominent physiologic follicle or [h]emorrhagic cyst.   Clinical correlation is advised."   To demonstrate an apparent contradiction, defendant also underlines a portion of the November 26, 2021 MRI report which reads, "KIDNEYS:  Left renal cyst.  No right hydronephrosis."

The November 16, 2021 study was a CT scan of the abdomen and pelvis with and without contrast.  The November 26, 2021 study was an MRI of the abdomen and pelvis with and without contrast.  The reports were prepared by different radiologists.  Contrary to defendant's allegations, the studies, on their face, are not necessarily inconsistent.  For example, conspicuously absent from defendant's certification in opposition to the motions is reference to any other aspects of the respective reports.  The November 16, 2021 CT scan notes

A-1524-22

defendant has a hypodensity in the right lower pelvis that could represent "the right ovary with a prominent physiologic follicle or [h]emorrhagic cyst." This specific finding—on the same side—is also referenced in the November 26, 2021 MRI of the pelvis. Specifically, the report, when addressing the pelvic organs, notes a "right ovarian cyst corresponding to the . . . lesion seen on [the] prior CT and appears to measure smaller compared to the prior exam . . . ."

The second study in this respect is not inconsistent and references the cysts in the same location. The MRI study mentions an entirely separate finding—a left renal cyst. This finding, however, does not render one, or both reports, defective. It simply identifies a potential issue with a different anatomical structure. To be sure, we have no way to know on this record whether the radiologists' interpretations of the November 16, 2021 CT scan or November 26, 2021 MRI were accurate. That is precisely why expert testimony is needed in a case such as this. It could be the films were properly read, or it is possible they were incorrectly interpreted. Without expert testimony, defendant cannot establish that the studies were incorrectly read. The subject matter is beyond the ken of an average juror. Jacobs v. Jersey Cent. Power & Light Co., 452 N.J. Super. 494, 505 (App. Div. 2017). Because defendant failed to produce expert

8

testimony to challenge the accuracy of the radiology reports, the trial court correctly granted the summary judgment motion and the motion to dismiss.

Defendant's certification in support of her opposition to plaintiff's motion for summary judgment reads, "[t]here are mistakes as to my left and right lateral pelvis, abdominal [floor] through[out] [the] reports.  The reports mistake as to whether the lesion is on the left or the right side."  Putting aside the fact that defendant does not identify the specific lesion she is referencing, the certification is deficient pursuant to Rule 1:6-6.  Rule 1:6-6 states the following:

> If a motion is based on facts not appearing of record or not judicially noticeable, <u>the court may hear it on affidavits made on personal knowledge</u>, setting forth only facts which are admissible in evidence to which the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein.
>
> [(Emphasis added).]

The comments to the Rule provide, "[t]he requirements of the rule . . . are not met by affidavits containing argument, other forms of hearsay and general factual or legal conclusions."  Pressler & Verniero, cmt. on R. 1:6-6. Defendant's purported certification makes no reference to any facts but is rather an improper attempt to offer an expert opinion.  There is no indication defendant has any education, training, or expertise in the field of radiology such that she

A-1524-22

could offer an admissible opinion regarding the interpretations of the radiographic studies at issue in this matter. Defendant simply provided no competent expert testimony to contest the interpretation of the Hackensack reports.

While defendant may not be asserting a malpractice claim, expert testimony is still necessary under the facts of this case to establish the radiologists misread the films resulting in Hackensack breaching its contract with defendant. Given defendant's failure to secure such a report, the trial court correctly granted summary judgment for Hackensack and dismissed defendant's counterclaim. Our Supreme Court has observed:

> [W]hen presented with a tort or contract claim asserted against a professional specified in the statute, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.
>
> [Couri v. Gardner, 173 N.J. 328, 340 (2002).]

Although the Couri Court's comments were in the context of a discussion involving the Affidavit of Merit statute, the same rationale applies here. Defendant's assertions that the radiographic studies were misread requires proof

of a deviation from the professional standard of care. Defendant's non-expert certification in this action fails to provide that requisite proof.

We part company with the trial court insofar as it dismissed defendant's counterclaim for lack of jurisdiction. We agree the Special Civil Part does not have jurisdiction over professional malpractice claims. We accept, however, defendant's representation that she was not seeking to assert a medical malpractice action. Rather, she sought to defend against a breach of contract action and asserted her own breach of contract claim. Nevertheless, the court was ultimately correct in its conclusion in granting summary judgment in favor of plaintiff and dismissing defendant's counterclaim given defendant's failure to secure expert testimony to contest the accuracy of Hackensack's radiology reports.

In conclusion, although we do not adopt the court's same reasoning with respect to the counterclaim, we nevertheless affirm the trial court's orders granting summary judgment and dismissing defendant's counterclaim. See Isko v. Planning Bd. of Livingston Twp., 51 N.J. 162, 175 (1968) (appellate court may affirm a judgment on different grounds than those identified below).

A-1524-22

To the extent we have not specifically addressed any of the parties' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1524-22