**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1740-22

Estate of ALFREDO
PABATAO, by its Administratrix
ANGELA PABATAO, and
Estate of SUSANA PABATAO,
by its Administratrix ANGELA
PABATAO,

     Plaintiffs-Appellants,

v.

PALISADES MEDICAL CENTER,
HACKENSACK MERIDIAN
HEALTH, ANTHONY J.
PASSANNANTE, JR., M.D.,
BERGEN NEW BRIDGE
MEDICAL CENTER, CAREPLUS
BERGEN, INC., and DEBORAH
VISCONI,

     Defendants-Respondents.

_____

Submitted March 12, 2024 – Decided April 24, 2024

Before Judges Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4644-21.

Shay Shailesh Deshpande LLC, attorneys for appellants (Shay S. Deshpande, of counsel and on the brief).

Hardin, Kundla, McKeon and Poletto, PA, attorneys for respondents Bergen New Bridge Medical Center, Careplus Bergen, Inc., and Deborah Visconi (James L. Fant, of counsel and on the brief).

PER CURIAM

Plaintiffs Estate of Alfredo Pabatao, by its Administratrix Angela Pabatao, and Estate of Susana Pabatao, by its Administratrix Angela Pabatao, appeal from trial court orders dated January 6, 2023, denying their motion to amend their complaint and dismissing their matter with prejudice.[1] We reverse and remand.

We glean the facts and procedural history from the motion record. In July 2021, plaintiffs filed a complaint seeking survival and wrongful death damages against defendants. The complaint asserted Alfredo[2] died on March 26, 2020, and Susana died on March 30, 2020, "due to the C[ovid]-19 virus." The complaint alleged defendants, plaintiffs' employers, caused plaintiffs to become infected with the Covid-19 virus, and suffer injury, death, and damages.

---

[1] During the pendency of the appeal, plaintiffs' claims against Alfredo's employer—Palisades Medical Center, Hackensack Meridian Health, and Anthony J. Passannante, Jr., M.D. (Palisades defendants)—were settled. Therefore, we address the Palisades defendants solely to provide context.

[2] Because decedents share the same surname, we refer to them individually by their first names for clarity of the record. By doing so, we intend no disrespect.

Moreover, the complaint alleged defendants' actions caused each plaintiff to infect the other plaintiff, resulting in their injury, death, and damages.

In October 2021, Bergen New Bridge Medical Center, Care Plus Bergen, Inc. and Deborah Visconi (Bergen defendants) filed an answer to the complaint. In October 2022, the Bergen defendants filed a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted," pursuant to Rule 4:6-2(e). On November 18, 2022, the judge executed an order granting the Bergen defendants' motion to dismiss the complaint, without prejudice.

In November 2022, the Palisades defendants filed a motion to dismiss the complaint pursuant to Rule 4:6-2(e). The following month, plaintiffs filed a cross-motion to amend their complaint as to all defendants.

On January 6, 2023, the motion judge executed an order granting the Palisades defendants' motion to dismiss the complaint, with prejudice. The same day, the motion judge executed another order denying plaintiffs' motion to file the proposed amended complaint.

In an oral opinion, the motion judge determined:

> Alfredo Pabatao worked in the medical field and he caught Covid . . . and he was compensated under the Worker's Compensation Law, which is an exclusive remedy and there is no showing of an intentional act.

A-1740-22

. . . [A]nd they would have to show that the act was the proximate cause of the injury.

When you remove a guard from a saw, as [in] the Laidlow[3] situation . . . , where it can [be] show[n] that there was . . . gross, reckless conduct that didn't actually result in . . . the harm, that's one thing.

Here, there's certainly no showing.  We don't know how − and that was the . . . issue − you can't prove nor is there any proof that can be enunciated as to how and what the actual cause of origin was and while using or reusing masks may or may not have been it, . . . none of this is cognizable.

And it is also not cognizable because of . . . the law that was passed in the State concerning the fact that there was no recourse for the Covid infections that people were getting and this was unfortunately a pandemic.  So it is barred by the Laidlow standard.

With regard to the decedent's wife, now we go even further outside the realm of possibility and proximate cause.

. . . [T]o say that because of some issue about reusing a mask and then him getting infected, that . . . he got it from the fact that the mask was reused, that his wife then got it from him, . . . no possibility of that can exist as being able to show that by a prima facie case and in addition, it is also again, prevented under our law from doing so.

. . . [A]s a matter of law, the causes of action are not cognizable.

---

[3]  Laidlow v. Hariton Mach. Co., 170 N.J. 602 (2002).

There's nothing here to show anything other than this being the tragic result of a pandemic, nor that the deficiencies . . . claimed were even a proximate cause and certainly that there was no intentional and reckless conduct.

. . . .

And the case need[s] to be dismissed . . . with prejudice as there's just no way as a matter of law to surmount either the issue of proximate cause, duty or to [vault] over the exclusive remedy of the Worker's Compensation Act or to now impose liability upon the employer for the harm that was apparently caused to the wife who somehow got Covid.

On appeal, plaintiffs cite to Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739 (1989) and Rule 4:9-1[4] to argue the trial court committed "reversible error" by denying their motion to amend the complaint before discovery was completed. We agree.

We begin our discussion with a review of the principles governing our analysis. "Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citation omitted). Thus, "we owe no

---

[4] The Rule provides, in part: "A party may amend any pleading as a matter of course at any time before a responsive pleading is served . . . . Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." R. 4:9-1.

deference to the trial judge's conclusions." State ex rel. Comm'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted). In undertaking our review,

> it is essential to canvass the complaint to determine whether a cause of action can be found within its four corners. In so doing, we must accept the facts asserted in the complaint as true. A reviewing court must search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned from an obscure statement of claim, opportunity being given to amend if necessary. Accordingly, all reasonable inferences are given to plaintiff. Courts should grant these motions with caution and in the rarest instances.
>
> [Ballinger v. Del. River Port Auth., 311 N.J. Super. 317, 321-22 (App. Div. 1998) (alteration in original) (internal citations and quotations omitted).]

"At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Printing Mart, 116 N.J. at 746 (citation omitted). "The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." Ibid.

In Laidlow, the New Jersey Supreme Court explained that under our worker's compensation law "not all conduct by an employer is immune from

common-law suit." 170 N.J. at 606. For instance, "an employer who causes the death or injury of an employee by committing an 'intentional wrong' will not be insulated from common-law suit." Ibid. (quoting N.J.S.A. 34:15-8; Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 169 (1985)).

The Court further explained:

> we adopted [the] substantial certainty test for intentional wrong, a test encompassing acts that the employer knows are substantially certain to produce injury even though, strictly speaking, the employer does not will that result. . . . [I]n order for an employer's act to lose the cloak of immunity of N.J.S.A. 34:15-8, two conditions must be satisfied: (1) the employer must know that his actions are substantially certain to result in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Worker['s] Compensation Act to immunize.
>
> [Id. at 617 (citing Millison, 101 N.J. at 161).]

In addition, to the Worker's Compensation Act, in response to Covid-19, the Legislature enacted L. 2020, c. 18 § 1(c), which provides:

> (c.) Notwithstanding the provisions of any law, rule, or regulation to the contrary:
>
> > (1) a health care professional shall not be liable for civil damages for injury or death alleged to have been sustained as a result of an act or omission by the health care professional in the

7

course of providing medical services in support of the State's response to the outbreak of coronavirus disease during the public health emergency and state of emergency declared by the Governor in Executive Order 103 of 2020; and

(2) a health care facility or a health care system that owns or operates more than one health care facility shall not be liable for civil damages for injury or death alleged to have been sustained as a result of an act or omission by one or more of its agents, officers, employees, servants, representatives or volunteers, if, and to the extent, such agent, officer, employee, servant, representative or volunteer is immune from liability pursuant to paragraph (1) of this subsection.

Immunity shall also include any act or omission undertaken in good faith by a health care professional or healthcare facility or a health care system to support efforts to treat C[ovid]-19 patients and to prevent the spread of C[ovid]-19 during the public health emergency and state of emergency declared by the Governor in Executive Order 103 of 2020, including but not limited to engaging in telemedicine or telehealth, and diagnosing or treating patients outside the normal scope of the health care professional's license or practice. The immunity granted pursuant to this subsection shall not apply to acts or omissions constituting a crime, actual fraud, actual malice, gross negligence, recklessness, or willful misconduct, and shall be retroactive to March 9, 2020.

[(Emphasis added.)]

"Among other things, good faith means 'honesty in belief or purpose' and 'faithfulness to one's duty or obligation.'" State v. Crawley, 187 N.J. 460, 461 n.8 (2006) (quoting Black's Law Dictionary 701 (7th ed. 1999)).  Actual malice is defined "as the intentional doing of a wrongful act without just cause or excuse." Jobes v. Evangelista, 369 N.J. Super. 384, 398 (App. Div. 2004).  "The tort of gross negligence falls on a continuum between ordinary negligence and recklessness, a continuum that extends onward to intentional conduct." Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 363 (2016) (citations omitted).

A trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right." R. 1:7-4.  "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion.  In the absence of reasons, we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).  "Naked conclusions do not satisfy the purpose of R[ule] 1:7-4." Curtis v. Finneran, 83 N.J. 563, 570 (1980).

Applying these well-established principles to this matter, we are constrained to reverse the January 6, 2023 orders, and remand with the direction

9

that plaintiffs be allowed to file a motion to amend their complaint. First, despite the worker's compensation and Covid statute immunities, a viable cause of action may be pled. Here, plaintiffs claim Susana was impermissibly excluded from those employees provided with face masks by the Bergen defendants. Moreover, plaintiffs allege because of her exclusion, she contracted the Covid-19 virus and passed away. Plaintiffs assert the Bergen defendants conduct was so egregious as to nullify the worker's compensation and Covid immunity statutes. Given these facts and considering the Rule 4:6-2(e) standard, we are satisfied the judge erred in granting the motion to dismiss.

Second, the motion judge's analysis exceeded the limited scope of Rule 4:6-2(e). The judge did not limit his analysis to whether the amended complaint offered a "fundament of a cause of action." Instead, the judge concluded there were no intentional acts or reckless conduct, and that plaintiffs could not establish causation. The judge's findings addressed plaintiffs' ability to prove their cause of action, a consideration unnecessary under Rule 4:6-2(e). See Printing Mart, 116 N.J. at 746

Lastly, the judge's analysis failed to comply with Rule 1:7-4 regarding Susana's claim she was impermissibly excluded from those employees provided with face masks by the Bergen defendants. Indeed, the judge's opinion was

silent as to Susana's direct claim against the Bergen defendants. Instead, the judge focused on Alfredo's allegation the Palisades defendants compelled him to "reuse masks and gowns" and whether Susana could prove her injuries were proximately caused thereby. In the absence of an analysis of Susana's allegations, we are unable to engage in meaningful review.

To the extent we have not addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1740-22